20807. McCORMACK *et al.* v. SHADBURN.

DECIDED DECEMBER 18, 1930.

*Archibald H. Davis, Reuben R. & Lowry Arnold,* for plaintiffs.

LUKE, J. The Industrial Commission of Georgia, upon the application of R. T. Shadburn for a review of the award of Commissioner Land, affirmed the commissioner's award of compensation, with the addition of a penalty of $153, and an attorney's fee of $306, payable to the respective persons held to be entitled thereto, as a penalty provided for by section 67, paragraph (b) of the workmen's compensation act, for wilful failure on the part of the employer to comply with the provisions of the act, by either rejecting

the act, insuring as required by the act, or by securing the permission of the industrial commission to pay compensation direct. Ga. L. 1923, p. 97.

Upon an appeal by the employer to the superior court of Gwinnett county, the finding of the commission, so far as the award of compensation was concerned, was approved and affirmed; but the assessment of the penalty for failure to comply with the act, and the allowance of the attorney's fee, were both disapproved and disallowed. Exception was taken to such disapproval and disallowance, and error is assigned upon the ground that the findings of the commission in the premises are essentially findings of fact, which, under the recognized rules of law, are not to be disturbed upon appeal.

Although the bill of exceptions appears to be duly certified as true, and as containing all the evidence and specifying all of the record material to a clear understanding of the errors complained of, our careful inspection fails to disclose any evidence whatever upon the question of whether or not there was wilful neglect on the part of the employer to comply with the act, as a result of which the commission was warranted in assessing the penalty and allowing the attorney's fee. Assuming, as we must in the circumstances, that there likewise was no evidence on the subject before the superior court, it follows that the superior court erred in reversing the finding of the industrial commission. In our view of the statutory intent, "wilful neglect" ought to be presumed in all such cases, where the employer furnishes no evidence of mitigating circumstances.

The judgment of the superior court, so far as it disapproves and disallows the penalty and attorney's fee, is reversed and set aside, and the finding of the industrial commission in the premises is fully reinstated.

*Judgment reversed.* *Broyles, C. J., and Bloodworth, J.,* concur.