23158. CITY OF WAYCROSS *v.* HAYES.

JENKINS, P. J. 1. Where a city by resolution makes an appropriation for unemployment relief under the direction of the city manager, and administers the fund, not by giving away any part as a gift without return, but by employing laborers on its public property at the rate of fifteen cents an hour on a ten-hour day and a five-and-a-half-day week, and by rotating such laborers for a week's employment at a time so as to give employment to as many as possible, an employee engaged in such work for the city at the time of his injury is not an employee of an "institution maintained and operated as [a] public charity," and the city is not an employer of such a person, within the exemption from the operation of the workmen's compensation act as stated in section 15. Code, Park's

Supp. 1922, § 3154(O), Michie, § 3154(15). Where such work for the city, as in the instant case, consisted in tearing down a shed, which housed its mules, trucks, and wagons, for replacement with another building, at compensation to the employee as stated, he and the employer were subject to the act. See 1 Bouvier's Law Dictionary, 462, and Standard Dictionary, defining the words "charity" and "charitable;" 1 Words & Phrases (2d series), 641, 642.

2. Where an employee is totally disabled by injuries to one of his feet, but the foot is not "lost," his compensation is not fixed and limited by section 32 of the act, which allows, in subdivision (n), "for the *loss* of a foot, fifty per centum of the average weekly wages during 125 weeks," and makes this "in lieu of all other compensation for the permanent partial handicap." The award by the Department of Industrial Relations in this case of one half of the weekly wages of $8.25, to "continue during disability within the limits fixed by law," the "payment of compensation for the first ten weeks . . to be applied on total disability, and thereafter the compensation paid . . to be applied on specific disability of the foot, the period not to exceed 150 weeks," with the condition that "when maximum improvement has been reached in the claimant's foot, this order will be modified," was supported by the evidence, and not contrary to law "because there is no finding as to the proportion the actual injury and loss of this member bears to the total loss of same, and the award is for a greater amount than would have accrued if the loss had been total," as contended by the plaintiff in error. The rule of *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721), is without application where there is no loss of a member.

3. The amendatory act of August 27, 1925 (Ga. L. 1925, pp. 282, 283), eliminated the term "casual employees" as contained in the original act (Ga. L. 1920, pp. 167, 177), and the law no longer exempts such employees except where they are "not in the usual course of the trade, business, occupation, or profession of the employer or not incidental thereto." Temporary or irregular employees are provided for especially by subdivision (c) of section 2, which, after fixing the basis for computing compensation to an employee who on the date of the accident received a "regular wage," then fixes "the wages of the employees of the same class, in the same employment, in the same locality, or if that be impracticable, of neighboring employees of the same kind," as the basis of compensation to an "injured person who has not been receiving regular wages and has been employed for such a short period of time that it is impracticable to accurately determine his wages." See *Maloney* v. *Kirby,* 48 *Ga. App.* 252. There was ample evidence as to the earning capacity of the claimant, not only from what he himself but what other employees of the city engaged in similar work had been and were being paid. The fact that the claimant had been actually working for the city only a half day or a short time before the injury, on a job which was intended to extend for a longer period, although he was not a "regular employee" of the city, did not defeat his right to an award at the proven rate of compensation. As to the temporary nature of his employment, there was also testimony that he had been previously given work "at the schoolhouse" and "at another place."

4. The evidence does not sustain the employer's contention that the employee was not entitled to compensation, under section 14 of the act, because his injury was "due to . . wilful misconduct, including intentional self-inflicted injury," the burden of proof being "upon him who claims an exemption or forfeiture under this section."

5. The superior court did not err in affirming the findings and judgment of the Department of Industrial Relations on the appeal of the employer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 24, 1934.

*J. D. Blalock,* for plaintiff in error.
*Youngblood & Youngblood,* contra.