27847. CASTLE *v.* IMPERIAL LAUNDRY AND DRY-CLEANING COMPANY.

DECIDED MARCH 15, 1940. REHEARING DENIED MARCH 30, 1940.

*Norman I. Miller,* for plaintiff.

*W. O. Slate, H. C. Denton,* for defendant.

MacIntyre, J. On September 16, 1938, claimant, Willie Castle, was employed by the Imperial Laundry and Dry-Cleaning Company at a regular weekly wage of $7. He sustained an injury to his hand which it is admitted arose out of and in the course of his employment. The Industrial Board affirmed the award of the director awarding "compensation at the rate of $4 per week beginning October 1, 1938, and continuing through October 10, 1938, for a total loss of use of his right hand; and the employer will further pay as penalty, under section 114-603, a sum equal to ten per cent. of the compensation awarded claimant, which shall be paid to claimant [total amount ordered to be paid as compensation and ten per cent. penalty being $6.60]; and the sum of $50 to Norman I. Miller as attorney's fees for services rendered claimant." The judge of the superior court reversed the award of the board. The evidence discloses that the claimant was injured on September 16, 1938, the employer company had immediate knowledge thereof, and sent him to a doctor who treated him until October 10, 1938, and then dismissed him as cured, but instructed him to return if further trouble developed. On September 27, 1938, eleven days after the injury, the claimant filed a claim with the Industrial Board. He returned to work about October 1, 1938, but could use only one hand, and he "just peddled" around the laundry. He continued working until October 14, 1938, when he voluntarily quit and went to work for the W. P. A. at a higher wage. He admitted that during the entire period he was off he received $7 per week from the defendant.

In determining the correctness of the ruling in this case, we must consider four sections of the workmen's compensation act. "When the incapacity to work resulting from an injury is total, the employer shall pay or cause to be paid, as hereinafter provided for, to the employee during such total incapacity a weekly compensation equal to one half of his average wages, but not more than $20 per week nor less than $4 per week, except when the weekly wage is below $4, when the regular wages on the date of the accident shall be the weekly amount paid; and in no case shall the period covered

by such compensation be greater than 350 weeks, nor shall the total amount of compensation exceed $7000." Code, § 114-404. "Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such incapacity, a weekly compensation equal to *one half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter* [italics ours], but not more than $12 a week, and in no case shall the period covered by such compensation be greater than 300 weeks from the date of the injury. In case the partial incapacity begins after a period of total incapacity, the latter period shall be deducted from the maximum period herein allowed for partial incapacity. The total compensation payable shall in no case exceed $5000." § 114-405. "In the cases included by the following schedule the permanent partial industrial handicap in each case shall be compensated by payments for the period specified, and the compensation so paid for such handicap shall be as specified therein and shall be in *lieu* [italics ours] of all other compensation for the permanent partial handicap. In addition to the compensation provided in the schedule for permanent partial handicap, compensation for total incapacity for work, as provided in section 114-404, shall be paid, but compensation for total incapacity for work shall in no case be paid for a period longer than 10 weeks. . . (1) Loss of a hand, 50 per centum of the average weekly wages during 150 weeks. . . The compensation for partial loss of, or for partial loss of use of, a member [hand] or, for partial loss of vision of an eye, shall be such proportion of the payment above provided for total loss as such partial loss bears to total loss." § 114-406.

In the instant case the claimant received an injury to his hand, which totally incapacitated him for a period of two weeks, and partially incapacitated him for a period of two weeks. The injury did not come within the schedule of injuries in § 114-406; for the injury was not the "loss of a hand," but was an injury to the hand which was cured within ten days after he returned to work. *City of Waycross* v. *Hayes*, 48 *Ga. App.* 317 (2) (172 S. E. 756). The director's finding, affirmed by the board, that the claimant was totally disabled for a period of two weeks (September 16, to

October 1), that he was paid his regular wage during that period, and that he was not entitled to compensation therefor, was amply authorized by the evidence.

During the period of so-called "partial incapacity" which sometimes follows a "total incapacity" defined in § 114-404 (in this case shown by the evidence to be from October 1 to October 10), the claimant, according to his own testimony, received $7 per week (this being the same amount he had received before he was injured); and this court has held: "Except as specifically provided in section 32 of the act [Code, § 114-406], such partial incapacity terminates when the employee again becomes capable of earning the same wage he earned before his injury, whether at the same or at a different occupation, and without regard to such personal inconveniences as may result to him solely from his injury and which are not caused or aggravated by his new employment." *Austin Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (2-d) (121 S. E. 345). The evidence did not authorize the finding of the board that he had the total loss of use of his right hand from October 1 to October 10; for it appears that he went back to work at the defendant's laundry on October 1, and worked there until October 14, when he voluntarily quit. Applying to the instant case the ruling quoted from the *Whitmire* case, supra, there was no period of "partial incapacity;" for when he went back to work on October 1 he received the same wage that he had received before he was injured. We are more convinced that the ruling in the *Whitmire* case, when applied to this case, is correct; for it might be noted that under the Code, § 114-405, the employer shall pay for partial incapacity "a weekly compensation equal to one half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter." The claimant's testimony discloses that he received $7 per week before his injury and $7 per week immediately after he returned to work. Applying this formula to the instant case, the evidence demanded a finding that the claimant was not entitled to any compensation; and no compensation being awarded, no penalty of ten per cent. thereof can be assessed as provided in the Code, § 114-603.

However, under the rulings in *Elliott Addressing Machine Co.* v. *Howard,* 59 *Ga. App.* 62, 65 (200 S. E. 340), *Jones* v. *Cochran,* 46 *Ga. App.* 360 (4) (167 S. E. 751), and *McCormack* v. *Shad-*

·*burn,* 42 *Ga. App.* 352 (156 S. E. 277), we are constrained to hold that the board was authorized to award attorney's fees against the defendant; but under the facts in this case we think that the award of $50 was excessive. The judgment of the superior court is correct in all other particulars. The judgment is affirmed, with direction that the case be remanded to the Industrial Board for the sole purpose of fixing reasonable attorney's fees.

*Judgment affirmed, with direction. Broyles, C. J., and Guerry, J., concur.*