28334, 28378. PETTY *v.* MAYOR &c. OF COLLEGE PARK; and *vice versa.*

DECIDED OCTOBER 5, 1940. REHEARING DENIED NOVEMBER 1, 1940.

*Ben H. Berry,* for plaintiff. *George P. Whitman,* for defendant.

FELTON, J.  Wilburn Petty filed with the Industrial Board his claim of compensation for injuries sustained by him while he was employed by the City of College Park.  The Industrial Board made an award of compensation, and assessed against the city ten per cent. of the amount of the award as damages and $50 as attorney's fees, thus affirming the award by the director.  On appeal by the city to the superior court the award of the compensation to the claimant was affirmed; but in so far as it granted penalties and attorney's fees the award was reversed.  The claimant excepted to the reversal of the award of penalties and attorney's fees; and the city excepted to the affirmance of the award of compensation.

1.  The record in these cases does not reveal that there is any evidence as to whether or not the city carried insurance as required by the workmen's compensation act.  The Code, §§ 114-601, 114-602, requires that employers shall carry insurance to insure payment of compensation to employees; and it has been held that this requirement was not unconstitutional as applied to municipalities.  *City of Atlanta* v. *Pickens*, 176 *Ga.* 833 (169 S. E. 99); *City of Macon* v. *Benson*, 175 *Ga.* 502 (166 S. E. 26).  The Code, § 114-603, provides: "Every employer accepting the compensation provisions of this title shall file with the Department of Industrial Relations . . evidence satisfactory to the department of his compliance with the provisions of the preceding section and all other sections relating thereto.  If such employer shall refuse or wilfully neglect to comply with these provisions, the department . . may assess against such employer compensation in an amount greater by ten per cent. than that provided for in this law, and shall also fix a reasonable attorney's fee . . in addition to the increased compensation."  The question for decision is whether or not the quoted Code section applies to municipalities.  The decision in *McCormack* v. *Shadburn*, 42 *Ga. App.* 352 (156 S. E. 277), holds that in the absence of evidence that the employer has complied with the provisions of § 114-602 it will be presumed that there was a wilful failure to comply with the act.  That decision deals with individuals and not municipalities.  While it has been held that the provisions of the workmen's compensation act would be liberally construed in order to effect the beneficent purposes of the act, the section providing penalties against employers will be strictly construed.

We do not think that the section of the act providing for penalties for failure to comply with the sections relating to insurance has application to municipalities. This is evident for several reasons. The first sentence of the section is: "Every employer *accepting* the compensation provisions of this title," etc. (Italics ours.) This sentence implies that there shall be an opportunity on the part of the employer to make an election as to whether he shall come under the act. This privilege of election is denied municipalities by § 114-109, which provides: "Neither any municipal corporation within the State, nor any political subdivision of the State, nor any employee of any such corporation or subdivision, shall have the right to reject the provisions of this title relative to payment and acceptance of compensation." The rationale of the act is that one can not make an election, where he has that right, to accept the benefits of the act and refuse with impunity to comply with its provisions. Another may be that the ability of municipalities to pay compensation is presumed. Another reason why we think the legislature did not intend to cover municipalities is that the Code, § 114-9901, makes it a misdemeanor for an employer to refuse or wilfully neglect to comply with the sections of the act relating to making the returns showing that it has complied with the act. Further, we think that the legislature did not intend to penalize the taxpayers of a municipality for failure of the officers thereof to comply with the act in taking insurance and making the required reports. It could be argued that municipalities should be classed as other employers, because of the fact that the expenses of the Industrial Board are paid from the insurance premiums, and based thereon, on insurance issued pursuant to the act; and that to hold that the penalty section did not apply to them would give them the benefits of the working of the board without paying any of the expenses thereof. Ordinarily this would be true; but the act provides that in the case of self-insurers they are to pay to the Industrial Board their pro-rata share, based on the premium they would have to pay had they been insurers by contract or policy. Thus, when a municipality does not take out the required insurance, we think it is to be presumed that it is a self-insurer, and liable for its pro-rata share of the expenses of the carrying out of the compensation act.

2. There is sufficient competent evidence in the record to sup-

port the award of compensation, and the court did not err in affirming the award. The medical evidence was to the effect that the claimant suffered from influenza and tonsillitis both before and after the injury. The injury was a sprained wrist suffered while the claimant was in the employment of the city. Whether the illness was before or after the injury was a matter of fact which could have been decided either way, and the director found that the illness arose after the injury. He further found that any *total* disability suffered by the claimant was caused by illness and not by injury, and hence not compensable. He did find, however, that there was a *permanent partial loss* of the use of the hand by the claimant, which he found was caused by injury, and set this per cent. at 15, for which there was medical testimony. It was argued by counsel for the city, that, since there was testimony that the usual period of time taken for recovery from an injury of the kind here was from three to six weeks, compensation should be confined to that length of time. The evidence was that this injury was still apparent after a period of six months. It was not error to affirm the award of compensation.

*Judgment affirmed on the main and cross-bills of exceptions. Stephens, P. J., and Sutton, J., concur.*