34008. MASSEY *v.* AETNA CASUALTY & SURETY COMPANY *et al.*

DECIDED MAY 6, 1952—REHEARING DENIED MAY 23, 1952.

*Frank Lawson,* for plaintiff.

*Martin, Snow & Grant,* for defendant.

GARDNER, P. J. The injury to the plaintiff's foot was not a permanent injury to a specific member, such as entitled him to have his compensation based upon the schedule set out in Code § 114-406 (section 32 of the Act), but the claimant was entitled to compensation for a partial incapacity to work under Code § 114-405. The award of the board was erroneous, and the superior court properly overruled and set the same aside and remanded the case to the board for further proceedings in accordance with the judgment of that court. In *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721), the Supreme Court held that section 32 (Code, § 114-406) provides compensation for injuries resulting from the loss of certain members or organs of the human body and fixes the period of incapacity to work in the case of the loss of each of such members, and the compensation to be paid for the injury which results in such loss. Said section

provides that this shall be in lieu of all other compensation. If the employee can recover compensation for such an injury under both sections 30 and 32 (or 31 and 32) of the Act, then his compensation under section 32 (Code, § 114-406) is not in lieu of all other compensation. To adopt the construction of the statute, as contended by the employee and the board in the case sub judice would "permit double compensation under these sections" and "would be in the teeth of the plain and distinct leglislative intent." In *Castle* v. *Imperial Laundry &c. Co.*, 62 *Ga. App.* 184 (8 S. E. 2d, 547), the claimant's hand was injured and he was totally incapacitated for two weeks and partially incapacitated for two weeks, and this court held that his injury did not come within the provisions of Code § 114-406, "for the injury was not the loss of a hand." In *City of Waycross* v. *Hayes*, 48 *Ga. App.* 318 (172 S. E. 756), it was held that where an employee is totally disabled by an injury to one of his feet, but the foot is not lost, his compensation is not fixed by Code § 114-406 (section 32 of the Act). See also *Liberty Mutual Ins. Co.* v. *Clay*, 180 *Ga.* 294 (178 S. E. 736). Nothing to the contrary is held in *Roddy* v. *Hartford Accident &c. Co.*, 65 *Ga. App.* 632 (16 S. E. 2d, 81), where the claimant employee sustained a fifteen percent permanent partial loss of the use of his leg. There was no permanent partial loss of a member or the use thereof in the case at bar.

It follows that the claimant employee was not entitled to compensation based on Code § 114-406 (section 32 of the Act), and that the board improperly so ruled. The judge of the superior court, to whom the award was appealed, properly set this award aside and remanded the case for an award in accordance with the judgment of that court.

*Judgment affirmed. Townsend and Carlisle JJ., concur.*