60054. BOSTON OLD COLONY INSURANCE COMPANY v. BROWN.

SHULMAN, Judge.

This appeal is from a declaratory judgment holding that an employee may recover both under the Workers' Compensation Act and under his employer's "no-fault" insurance plan for injuries sustained in a vehicular collision incurred while in the course of his employment. We reverse.

This issue is controlled by *Freeman v. Ryder Truck Lines, Inc.,* 244 Ga. 80 (259 SE2d 36), in accordance with appellant's contentions. In *Freeman,* the court found that "Code Ann. § 56-3409b (a) protects plaintiff's rights under his own no-fault policy notwithstanding his receipt of workers' compensation benefits *but that, having received compensation benefits, Code Ann. § 114-103 precludes his recovery of no-fault benefits from his employer.* As was stated by the Supreme Court of Utah in IML Freight, Inc. v. Ottosen [cit]: 'We believe that the No-Fault Act . . . has no application to employers who already are obligated under Workmen's Compensation, to their employees, and that No-Fault has neither changed that statutory obligation nor increased an employer's burden to pay compensation for a favored class of employees.' "

(Emphasis supplied.) Id., p. 83.

Under the binding authority of *Freeman,* we find that the judgment of the trial court requiring appellant-insurer to continue making payments to appellee under its no-fault policy with appellee's employer despite the employee's receipt of workers' compensation benefits was error. The contentions of appellee to the contrary attempting to distinguish *Freeman* are unpersuasive.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

Argued June 16, 1980 — Decided September 19, 1980 —

Howard M. Lessinger, M. David Merritt, *for appellant.*
M. Hardeman Blackshear, *for appellee.*