## 36866. BROWN v. BOSTON OLD COLONY INSURANCE COMPANY.

CLARKE, Justice.

The question here involves an employee who was covered by both workers' compensation insurance and a comprehensive business policy which included basic so-called "no-fault" coverage, as well as optional coverage under Code Ann. § 56-3406b. Both insurance policies were provided by the employer and the employee was injured while in the course of his employment and while occupying an automobile furnished by the employer. The Court of Appeals held the employee was entitled only to workers' compensation insurance and was not entitled to the no-fault insurance. *Boston Old Colony Ins. Co. v. Brown,* 155 Ga. App. 767 (272 SE2d 755) (1980). We granted certiorari to determine whether the issues in this case are controlled by Code Ann. § 56-3409b (Ga. L. 1979, p. 594) rather than by our decision in *Freeman v. Ryder Truck Lines,* 244 Ga. 80 (259 SE2d 36) (1979).

Boston Old Colony Insurance Company (hereinafter "Boston") issued to Brown's employer both the workers' compensation insurance policy and the comprehensive business policy, and both policies were in effect at the time of the injuries to the employee. Boston accepted liability for medical expenses and for lost earnings in the amount of $110.00 per week under the workers' compensation policy. Initially Boston also paid Brown $665.29 per week for lost earnings under the comprehensive business policy. This sum represents 85% of the difference between his weekly earnings and the amount paid for earnings under workers' compensation. After six weeks this latter payment ceased and Boston filed a declaratory judgment action against Brown seeking adjudication that the insurer owed Brown no funds under the comprehensive business policy. The trial court held Boston liable for payments under the policy and the Court of Appeals reversed, relying on *Freeman.* We find the Court of Appeals erred in applying *Freeman* and reversing the trial court.

While this case diverges from *Freeman* on other points, the outcome here is expressly determined by the 1979 amendment to the Georgia Motor Vehicles Reparations Act, Ga. L. 1979, pp. 594, 595 (Code Ann. § 56-3409b, Correlation of Benefits). This amendment was not in effect at the time of the *Freeman* case but applies to the instant case.

Code Ann. § 56-3409b (a) provides that benefits under Chapter 56-34B shall not be reduced or eliminated by workers' compensation or other benefits except for specified situations. The exception which

applies to the facts of this case is set forth in Code Ann. § 56-3409b (c) which provides: "In those instances where the benefits payable under this Chapter have been provided for at the expense of an employer who is also obligated by statute to provide compensation for its employees under any workers' compensation law, the benefits payable without regard to fault under this Chapter for the loss of income or earnings incurred during disability as a result of a motor vehicle accident shall be reduced or eliminated to the extent that the insured injured person is entitled to receive compensation for such loss of income or earnings under any workers' compensation law: Provided that in no event shall the aggregate amount of benefits which the insured injured person is entitled to receive as compensation for the loss of income or earnings during disability under this Chapter without regard to fault and under any workers' compensation law be less than (1) an amount which is equal to such person's loss of income or earnings during disability or (2) an amount which is equal to the amount such person is entitled to receive as compensation for such loss under any workers' compensation law plus the limits of such coverage under any applicable policy of motor vehicle insurance or under any program of self-insurance providing such benefits, whichever is less."

The intent of the legislation is clear. Benefits under Chapter 56-34B are not generally reducible, but may be reduced by the amount paid under workers' compensation where the benefits payable under the chapter are provided by an employer obligated to provide workers' compensation benefits. Therefore, Boston is obligated to continue payments under the policy in effect at the time of the injury, reduced by the amount paid to Brown under workers' compensation.

This result does not compel us to hold that the legislature has repealed Code Ann. § 114-103 by implication as contended by the respondent. Boston argues, and we agree, that repealers by implication are not favored. *Guye v. Home Indemnity Co.,* 241 Ga. 213 (244 SE2d 864) (1978); *Freeman v. Ryder Truck Lines,* supra. In interpreting the whole of Code Ann. § 56-3409b, we do not find the legislature has impliedly repealed Code Ann. § 114-103, but rather has expressly made benefits under Chapter 56-34B collectible in addition to, though reduced by, benefits under Title 114.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 12, 1981.

*M. H. Blackshear, Jr.,* for appellant.

*M. David Merritt, Howard M. Lessinger,* for appellee.
*Jefferson W. Wills,* amicus curiae.