## 60488. ROBINSON v. FIREMAN'S FUND INSURANCE COMPANY.

CARLEY, Judge.

On October 18, 1978, plaintiff-appellant Robinson was injured in an automobile collision. At the time the collision occurred, Robinson was engaged in the performance of duties for his employer, Forrester's Flowers, Inc. ("Forrester").

Robinson subsequently applied for benefits under both the workers' compensation and "no-fault" insurance coverages carried by Forrester. As payment on his workers' compensation claim Robinson received $1,137 from the insurer carrying Forrester's workers' compensation policy. Forrester's no-fault insurer, appellee-defendant Fireman's Fund Insurance Company ("Fireman's Fund"), initially paid Robinson a total of $627 in no-fault benefits but then ceased further payments notwithstanding Robinson's repeated assertions that he had not received the sum total of the benefits to which he was legally entitled.

Robinson filed suit against Fireman's Fund seeking actual damages, punitive damages and attorney fees. Before the case came to trial, Fireman's Fund filed a motion for summary judgment in which it contended that the recent decision of the Supreme Court in the case of *Freeman v. Ryder Truck Lines,* 244 Ga. 80 (259 SE2d 36) (1979) effectively terminated its obligation to continue making

no-fault benefits available to Robinson. The trial court granted summary judgment to Fireman's Fund, and Robinson appeals from that order.

Robinson contends that the trial court erred in granting Fireman's Fund's motion for summary judgment. Specifically, it is urged that 1) Fireman's Fund lacks standing to contest the payment of no-fault benefits to Robinson in his capacity as an injured employee of Forrester, and 2) even if Fireman's Fund has the requisite standing, the grant of summary judgment was nevertheless error because the *Freeman* decision is distinguishable on its facts and thus was incorrectly relied upon by the trial court.

We find no merit in the argument that Fireman's Fund lacks standing to contest the nature and extent of its obligations to provide an employee of its insured with benefits under the provisions of the insured's policy. The right of an insurer to contest the extent of its coverage under such circumstances as exist in the instant case is clear. See *Hartford &c. Ins. Co. v. Cochran Oil &c. Ginnery Co.,* 26 Ga. App. 288 (105 SE 856) (1921).

Moreover, we are constrained to hold that the decision of the Supreme Court in *Freeman v. Ryder Truck Lines,* supra, is applicable to and dispositive of the case sub judice. In *Freeman,* the Supreme Court stated that the statute applicable in the instant case, former Code Ann. § 56-3409b (a), "protects plaintiff's rights under his own no-fault policy notwithstanding his receipt of workers' compensation benefits but that, having received compensation benefits, Code Ann. § 114-103 precludes his recovery of no-fault benefits from his employer." *Freeman v. Ryder Truck Lines,* supra, 83. The Supreme Court did not qualify in any way its use of the term "compensation benefits" as it appears in former Code Ann. § 56-3409b (a). Therefore, we cannot accept the construction of *Freeman* urged upon us by Robinson that recovery of workers' compensation benefits by an injured employee of a corporation carrying no-fault insurance serves *only* to *reduce,* by an amount equal to the compensation benefits recovered, the no-fault liability of the corporation. Such would be the result under existing Code Ann. § 56-3409b (Ga. L. 1979, p. 594), *Brown v. Boston Old Colony Ins. Co.,* 247 Ga. 287 (275 SE2d 651) (1981). However, the collision causing Robinson's injuries occurred prior to the effective date of Ga. L. 1979, p. 594, and, therefore, the instant case is controlled by former Code Ann. § 56-3409b and its interpretation in *Freeman.* Cf. *Thames v. Piedmont Life Ins. Co.,* 128 Ga. App. 630 (1) (197 SE2d 412) (1973). Thus prior to April 12, 1979, an employer's no-fault policy included the provisions of former Code Ann. § 56-3409b and an employee's claim against that policy for injuries occurring before that date was a

claim for "benefits payable" thereunder. *Freeman,* 244 Ga. 80, supra. After April 12, 1979, an employer's no-fault policy includes the provisions of current Code Ann. § 56-3409b and an employee's claim against that policy for injuries received after that date is a claim for "[b]enefits under Chapter 56-34B . . . , but may be reduced by the amount paid under workers' compensation where the benefits payable under the chapter are provided by an employer obligated to provide workers' compensation benefits." *Brown,* 247 Ga. 287, 288, supra.

The trial court correctly granted the motion for summary judgment filed by Fireman's Fund.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 17, 1981.

*Robert S. Windholz,* for appellant.
*John F. Davis, Jr.,* for appellee.