62768. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. FIREMAN'S FUND INSURANCE COMPANY et al.

SOGNIER, Judge.
On October 10, 1978 Carter, an employee of E. T. Barwick Industries, Inc., was injured on the job while operating a motor vehicle owned by his employer. Fireman's Fund Insurance Company,

the workers' compensation carrier, provided benefits and compensated Carter under the Workers' Compensation Act. Fireman's Fund also carried minimum no-fault insurance on Barwick's vehicle. Carter carried no-fault insurance on his personal vehicle with Georgia Farm Bureau Mutual Insurance Company and made claim on it for payment. Georgia Farm Bureau, contending that Fireman's Fund as the insurer of the accident vehicle was primarily liable, filed an action against Fireman's Fund and Carter seeking a declaration of rights among the parties as to whether Carter was entitled to accident reparation rights from Georgia Farm Bureau or Fireman's Fund. The facts were not in dispute and both insurers moved for summary judgment. The court granted summary judgment to Fireman's Fund.

Georgia Farm Bureau contends the trial court erred by granting summary judgment to Fireman's Fund and by denying its motion for summary judgment.

This case is controlled by our Supreme Court's decision in *Freeman v. Ryder Truck Lines,* 244 Ga. 80, 83 (2) (259 SE2d 36) (1979) wherein the Court interpreted Code Ann. § 114-103 (Ga. L. 1974, pp. 1143, 1144) and Code Ann. § 56-3409b (a) (Ga. L. 1974, pp. 113, 120) and held: ". . . we find that Code Ann. § 56-3409b (a) can be construed so as to give effect to legislative intent without repealing any part of Code Ann. § 114-103. As heretofore noted, the plaintiff in this case has no-fault insurance on his personal vehicle. That insurance is applicable here. Code Ann. § 56-3407b (a). We find that Code Ann. § 56-3409b (a) protects plaintiff's rights under his own no-fault policy notwithstanding his receipt of workers' compensation benefits but that, having received compensation benefits, Code Ann. § 114-103 precludes his recovery of no-fault benefits from his employer. As was stated by the Supreme Court of Utah in IML Freight, Inc. v. Ottosen, 538 P2d 296, 297 (Utah 1975): 'We believe that the No-Fault Act . . . has no application to employers who already are obligated under Workmen's Compensation, to their employees, and that No-Fault has neither changed that statutory obligation nor increased an employer's burden to pay compensation for a favored class of employees.' "

The instant case arose prior to the effective date of the 1979 amendment to Code Ann. § 56-3409b (a) and is, therefore, not affected by the changes made in the statute by amendment. *Robinson v. Fireman's Fund,* 158 Ga. App. 22 (279 SE2d 291) (1981).

Georgia Farm Bureau Cites footnote 2 on page 81 of *Freeman,* which states: "Ryder urges that it is a self-insurer and thus exempt from the [Motor Vehicle Accident Reparations] Act. If it were a self-insurer as defined in the Act, it could not deny owing benefits

pursuant to its self-insurance plan." Appellant argues that this footnote should be interpreted to mean that if Ryder had had insurance it would have been liable for both workers' compensation benefits and no-fault benefits and that the sole reason that recovery was allowed in *Freeman* against the employee's personal insurance company was that the Ryder vehicle was uninsured. Thus, the only insurance available was the employee's personal insurance. We disagree. The Supreme Court held in Division 1 of *Freeman* that Ryder was not a self-insurer and that it was subject to the provisions of the Georgia no-fault law even though Ryder's vehicle was not registered in Georgia. Despite the fact that it was liable for coverage under our no-fault laws, Ryder was not obligated to pay no-fault benefits to an employee to whom it was obligated to pay workers' compensation benefits. The Supreme Court's holding in Division 2 of *Freeman* is clearly not to be interpreted to mean that Ryder was uninsured and that the only insurance available was Freeman's personal insurance. See *Robinson v. Fireman's Fund,* supra.

Summary judgment in favor of Fireman's Fund was correctly granted, and Georgia Farm Bureau's motion for summary judgment was correctly denied.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 5, 1982 —
REHEARING DENIED FEBRUARY 16, 1982 — 

*Dennis D. Watson,* for appellant.
*J. Clinton Sumner, Jr., Don C. Keenan, Raymon H. Cox,* for appellees.