## 64566. DOWNS v. THE STATE.

DEEN, Presiding Judge.

This is an appeal from the revocation of a probationary sentence. When a probationer fails to report to his probation officer,

absconds, or there is a return of non est inventus to a subsequent warrant against him (all of which occurred here) the running of the probated sentence is automatically suspended until the probationer personally reports to his probation officer. The intervening period of time cannot be included in computing creditable time served, and, on the court ascertaining these facts, he is authorized to revoke the probation without notice to the absconding defendant. Code § 27-2723.

Downs pleaded guilty to a burglary on January 17, 1975, and was given a 10-year probated sentence. By March 22, 1976, he had absconded. On May 12, 1976, he was returned, admitted these facts, and sent to the Restitution Center at Athens, still on probation. By June 23, 1976, he had again absconded, a warrant for his arrest was issued, but he could not be located. On July 6, 1978, the court adjudicated him to be in fugitive status and suspended the probation as of June 23, 1976, when the arrest warrant was returned with a non est inventus.

A hearing was held on April 6, 1982, after defendant was located, probation was revoked, and he was ordered to serve six years, seven months and four days, which includes the time between the adjudication of fugitive status of July 6, 1978, and the date of hearing, with a final expiration of sentence date of November 10, 1988.

It is earnestly argued that because Code § 27-2510 provides that sentences on convictions under different indictments in different courts are to be served concurrently "unless otherwise expressly provided therein" the defendant here should have credit for time served on a subsequent charge and conviction in another jurisdiction unknown to the Newton County Court from which this case is appealed, and during a time in which he had absconded from Newton County to avoid an arrest warrant.

Code § 27-2510 must yield to Code § 27-2723 if there is indeed any conflict between them. Code § 27-2723 was enacted by Ga. L. 1958, pp. 15, 22, and specifies without exception that "upon a return of non est inventus [which occurred here] or other return to a warrant for the violation of the terms and conditions of probation, that the probationer cannot be found in the county that shall appear to be the probationer's county of residence from the records of the probation officer, shall automatically suspend the running of the probated sentence until the probationer shall personally report to the probation officer and SUCH PERIOD OF TIME SHALL NOT BE INCLUDED IN COMPUTING CREDITABLE TIME SERVED ON PROBATION NOR AS ANY PART OF THE TIME THAT THE PROBATIONER SHALL HAVE BEEN SENTENCED TO

SERVE. Upon such facts being made known to the court by the probation officer, the court is hereby authorized to revoke the probation WITHOUT NOTICE TO THE PROBATIONER." (Emphasis supplied.)

Code § 27-2510 (b) derives from an amendment (Ga. L. 1964, p. 494) to the original section which simply changed the specification regarding consecutive sentences to concurrent sentences where not otherwise indicated. It was passed with full knowledge by the legislature of the already long existing statute regarding the penalty for fugitive status. It made no reference thereto. Therefore, in this situation, to hold that Code § 27-2510 (b) is applicable would require a finding that the legislature intended in passing the amendment to overrule the 1958 act and that this resulted in repeal by implication which is not favored. *Brown v. Boston Old Colony Ins. Co.,* 247 Ga. 287 (275 SE2d 651) (1981); *Freeman v. Ryder Truck Lines,* 244 Ga. 80 (259 SE2d 36) (1979). Unless the subsequent statute is in irreconcilable conflict with the prior statute, the subsequent statute will not be construed to have repealed the provisions of the prior statute. *Bragg v. Bragg,* 225 Ga. 494 (170 SE2d 29) (1969). Such repeal by implication can only result where the latter of the two acts is clearly repugnant to the former and so inconsistent with it that the two cannot stand together under any reasonable construction, or where it is manifestly intended to operate as a substitute for the former act. *Geeslin v. Opie,* 220 Ga. 53 (136 SE2d 720) (1964). Only a clear repugnancy will allow a repeal by implication, and that only pro tanto. State of Ga. v. Penn. R. Co., 324 U. S. 439 (65 SC 716, 89 LE 1051).

The provisions of Code § 27-2510 relied upon by the appellant in no way indicate any intention to do more than give a method of construing sentences where one feature of the sentence has been omitted (that is, whether its intent is to be consecutive or concurrent). There is no indication that the provisions of Code § 27-2723 were applicable to the question addressed or that there was any intent to deal with situations arising from escape or other fugitive status.

No error appears.

*Judgment affirmed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong, Carley and Pope, JJ., concur. Sognier, J. dissents.*

DECIDED SEPTEMBER 13, 1982.

*Lee Payne,* for appellant.
*John T. Strauss, District Attorney, John M. Ott, Assistant*

*District Attorney,* for appellee.

SOGNIER, Judge, dissenting.

I respectfully dissent. While I recognize that a probationer's failure to report to his probation officer shall automatically suspend the running of his probated sentence under the provisions of Code Ann. § 27-2723, I do not find this necessarily inconsistent with the provisions of Code Ann. § 27-2510 (b) which provides that when a person is convicted on more than one indictment in separate courts, such sentence shall be served concurrently unless otherwise expressly provided therein. See *Dilas v. State,* 159 Ga. App. 39, 41 (2) (282 SE2d 690) (1981).

Appellant's counsel in the instant case stated that appellant had been in confinement at Alto in 1976 and 1977 and also had been in confinement from January 6, 1978 to September 27, 1980. Counsel also stated that the probation officer had the exact dates of confinement in his files. In *Dilas,* supra, the running of appellant's probation had been suspended (as in the instant case), but the probation officer learned that Dilas was confined elsewhere. We held that "once the probation officer learned of appellant's incarceration, his time spent on probation should start running again until revoked." Id., at p. 41. Hence, I would remand this case for further hearing to determine when the probation officer or his predecessor in office first learned of appellant's confinement for other offenses, and for resentencing to allow appellant credit for time served (in confinement).