64670. STATE OF GEORGIA et al. v. HEAD.

BANKE, Judge.

This is a discretionary appeal from an order of the superior court reversing an award of the State Board of Workers' Compensation. The claimant, a state employee, slipped and fell on July 27, 1980, while working as a food service supervisor, but did not lose time from work until August 12, 1980. He returned to work on September 29, 1980, but left again on October 23, 1980. The state did not contest the compensability of the claim and continued to pay the claimant his regular salary, utilizing accrued sick leave time until this was exhausted. Subsequently, regular periodic wages of $236 per week were paid to the claimant utilizing accrued annual leave benefits. The administrative law judge awarded the claimant $110 per week for the entire period of his disability, concluding that the state would "not be entitled to credit for leave payments made to the claimant against workers' compensation income benefits due the claimant for his compensable injury."

On appeal, the full board, upon a de novo consideration of all the evidence, found that "[c]laimant received salary in lieu of compensation to the extent that he had accrued sick and annual leave. Under Regulation B, Paragraph 13.305.2 of the State Personnel Board Rules and Regulations, the employee is conclusively presumed to have elected to receive salary in lieu of compensation for the period represented by his accrued sick leave . . . The employee accepted salary payments on a continuing basis with knowledge that it would deplete annual leave." The board concluded that "an employee who receives regular wages during disability is not entitled

to weekly income benefits for the same period . . ." It then approved the administrative law judge's award, including attorney fees, "except that the State of Georgia is entitled to credit for salary paid in lieu of compensation for any period of disability during which the employee was paid and retained his salary."

The superior court, on appeal, held that the state was entitled to credit for salary paid in lieu of compensation for periods covered by sick leave but not for those covered by annual leave. We granted the state's application for discretionary appeal. *Held:*

1. The superior court's order is predicated upon its determination that "[u]nlike *sick leave benefits* there is no provision in the State Personnel Board Rules and Regulations for *annual leave benefits* to be paid to an injured employee as workers' compensation benefits in lieu of the statutory payments provided by Code Title 114." The trial court's conclusion in this regard is erroneous. In pertinent part, the rules and regulations of the State Personnel Board provide:

"PAR. B.201. A. Annual leave shall be cumulative for not more than 45 work days . . . PAR. B.202. . . . [I]n cases of illness extending beyond the period of accrued sick leave, the appointing authority may grant as much annual leave accrued in excess of 30 work days but not in excess of 45 work days as is required by the circumstances . . .

"PAR. B.305.2. Compensable Injury or Disease. In case of accidental injury or occupational disease where compensation is payable under the Georgia Workers' Compensation Act, it shall be conclusively presumed that the employee has elected to use accrued sick leave during the period of incapacity, to be credited on a day for day basis as compensation against any award by the State Board of Workers' Compensation for such incapacity, until the employee elects in writing to forego his sick leave privilege and to accept only those benefits authorized by the award.

"PAR. B.305.3. Sick Leave Exhausted. If absence because of illness extends beyond the sick leave accrued to the credit of an employee, such additional time will be charged to annual leave."

These regulations support the ruling made by the State Board of Workers' Compensation in this case. "The General Assembly has given the State Personnel Board broad authority to promulgate rules and regulations which have the force and effect of law. Code Ann. § 40-2205 (b) (3)." *Brown v. State Merit System &c.,* 245 Ga. 239, 242 (264 SE2d 186) (1980). The regulations in question are consistent with Rule 401, Rules and Regulations State Board of Workers' Compensation, which provides that "[a]n injured employee who receives regular wages during disability shall not be entitled to weekly benefits for the same period . . ." See also *Castle v. Imperial*

*Laundry &c. Co.*, 62 Ga. App. 184 (8 SE2d 547) (1940). The full board found that the claimant had accepted his regular salary "on a continuing basis with knowledge that it would deplete annual leave," and the evidence supports this finding. The state is not liable for payment of workers' compensation benefits for periods of disability when the employee was paid his regular salary. The order of the superior court is accordingly reversed insofar as it is inconsistent with this opinion.

2. Although not treated in the opinion of the full board, it follows from our holding in Division 1, that attorney fees awarded to the claimant are not authorized. See Code Ann. § 114-712 (b).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 13, 1982.

*Michael J. Bowers, Attorney General, Verley J. Spivey, Senior Assistant Attorney General, Wayne Yancey, Assistant Attorney General, Elmer L. Nash, Special Assistant Attorney General, John M. Williams,* for appellants.

*Robert L. Husby, Jr.,* for appellee.