68726. COTTON STATES MUTUAL INSURANCE COMPANY
v. SMITH et al.
(325 SE2d 408)

BENHAM, Judge.

Smith was an employee of the City of Enigma on the date he was injured in an automobile accident. The automobile was covered by an insurance policy issued by appellant to the City of Enigma and now provides for $50,000 PIP benefits. Cotton States paid $5,000, then filed a declaratory judgment action seeking a ruling that it was relieved of further liability by the setoff provisions of OCGA § 33-34-8. Smith and the City of Enigma both contend that since the city has no workers' compensation insurance and is insolvent, no workers' compensation benefits can be paid and, therefore, there can be no setoff. The trial court ruled in accordance with the position of appellees, holding that Smith and the city are entitled to enforce the full extent of the automobile insurance policies' PIP benefits. We reverse.

OCGA § 33-34-8 provides that where insurance benefits under that chapter have been provided for by an employer who is obligated to provide workers' compensation, the no-fault benefits shall be reduced or eliminated to the extent that the insured injured person is entitled to receive workers' compensation benefits for medical expenses and lost wages.

There is no question that the City of Enigma is an employer for purposes of workers' compensation. OCGA §§ 34-9-1 and 34-9-3. In *Petty v. Mayor &c. of College Park*, 63 Ga. App. 455 (1) (11 SE2d 246) (1940), this court held that a municipality which failed to procure workers' compensation insurance would be presumed to be a self-insurer. It follows that the City of Enigma is liable for whatever benefits to which Smith may be entitled under workers' compensation law.

Appellees rely on *Brown v. Boston &c. Ins. Co.*, 247 Ga. 287 (275 SE2d 651) (1981), for the proposition that PIP benefits are not gener-

ally reducible by workers' compensation benefits and that an injured worker who is covered by an automobile insurance policy procured by his employer is entitled to benefits under both the automobile insurance and workers' compensation. *Brown* does hold that such an employee is entitled to benefits from both sources, but holds that the no-fault insurance benefits will be reduced by the benefits paid under workers' compensation. The distinction between this case and *Brown* is that the workers' compensation benefits were actually paid in *Brown*, whereas the employer in this case, the City of Enigma, admits liability as an employer but asserts that insolvency prevents it from making payment. We do not find that distinction meaningful. OCGA § 33-34-8 does not speak in terms of a setoff for benefits actually paid under workers' compensation law, but in terms of benefits that the injured insured person is *entitled* to receive. The use of the word "paid" by the Supreme Court stemmed, we are convinced, from the fact that the workers' compensation carrier in that case honored its obligation to the employee by paying the benefits to which the employee was entitled. The fact that the employer in the present case has not actually paid the benefits does not, in our opinion, reduce Smith's entitlement to benefits from that source.

Appellees offer no authority in support of their position that an employer's insolvency destroys an employee's entitlement to workers' compensation benefits, and we are aware of none. Nor do we find persuasive the city's argument that taxation for the purpose of meeting this liability is not available to it. See *Peacock v. Ga. Municipal Assn.*, 247 Ga. 740 (2) (279 SE2d 434) (1981), where it was held that municipalities may levy taxes for public purposes connected with the administration of city government. Finally, we reject appellees' argument that the statement in *Petty v. Mayor &c. of College Park*, supra at 457, that "the legislature did not intend to penalize the taxpayers of a municipality for failure of the officers thereof to comply with the act in taking insurance . . ." relieves the city of its liability for compensation in this case. The quoted language concerned penalties for failure to comply with the act, not liability for workers' compensation itself, as is shown by this court's affirmance of the award to the employee in the second division of that opinion.

In summary, we hold that the asserted insolvency of the City of Enigma provides no defense to its liability for workers' compensation benefits and that appellant is entitled to setoff against the benefits payable to Smith the workers' compensation benefits to which Smith is entitled from the City of Enigma without regard to whether or not the benefits have actually been paid. Since the record in this case does not establish with certainty the amount of workers' compensation benefits to which Smith is entitled, it is necessary that this case be returned to the trial court for further proceedings consistent with

our holding.

*Judgment reversed and case remanded. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 19, 1984 —
REHEARING DENIED DECEMBER 17, 1984.

*J. Franklin Edenfield*, for appellant.
*W. Edward Meeks, Jr., J. Reese Franklin*, for appellees.