A91A0424. FRANKS et al. v. AVILA et al.

(409 SE2d 564)

BANKE, Presiding Judge.

The claimant in this workers' compensation case fell and injured his neck during the course of his employment with Carlos Rojas, a stucco subcontractor. The claimant was working at the time on a construction project for which appellant Jay Franks d/b/a Georgia Techniques, Inc., was the general contractor. The administrative law judge found that the immediate employer, Rojas, was primarily liable for payment of workers' compensation benefits and that appellant Franks, as general contractor, was secondarily liable "in the event that income benefits and medical expenses awarded above are not collectable from Carlos Rojas. . . ." On appeal, the full board ordered Franks' workers' compensation carrier, appellant Aetna Casualty & Surety Company, to begin paying benefits pursuant to OCGA § 34-9-8 (a) because Rojas had no workers' compensation insurance and had testified during the hearing that he lacked the funds to pay the award. In addition, the board assessed a ten percent penalty and attorney fees against both Rojas and the appellants pursuant to OCGA § 34-9-126 (b), based on Rojas' failure either to maintain workers' compensation coverage or to file with the board proof of his financial ability to pay compensation as a self-insurer. The board further ruled that after paying the award Aetna would be entitled to seek reimbursement from Rojas. The superior court affirmed, and we granted the appellants' application for appeal. *Held*:

1. The appellants contend that a statutory employer cannot be held liable for benefits pursuant to OCGA § 34-9-8 unless and until the immediate employer's insolvency has been established by proof both that a judgment has been entered against him for the benefits and that a fi. fa. has been issued on the judgment on which a nulla bona has been entered. This contention is without merit. Pursuant to OCGA § 34-9-8 (a), a general contractor is liable for payment of workers' compensation benefits to the employee of a subcontractor to the same extent as the subcontractor. "The purpose of [OCGA § 34-9-8] is to ensure that employees in construction and other industries are covered by workers' compensation. In order to do so, it places an increased burden, in the form of potential liability for workers' compensation benefits, on the statutory employer. This encourages the statutory employer to require subcontractors to carry workers' compensation insurance." *Wright Assoc. v. Rieder*, 247 Ga. 496, 499-500 (1) (277 SE2d 41) (1981).

In support of their position, the appellants rely on *Churchwell Bros. Constr. Co. v. Archie R. Briggs Constr. Co.*, 89 Ga. App. 550 (80 SE2d 212) (1954), a case in which the claimant had attempted unsuccessfully to collect a judgment for benefits against his immediate em-

ployer. However, OCGA § 34-9-8 (a), imposes no such condition but requires only that the claim "be in the first instance presented to and instituted against the immediate employer. . . ." OCGA § 34-9-8 (c). "[A] liberal construction must be given to effectuate the humane purposes for which the [Workers' Compensation Act] was enacted." *Schwartz v. Greenbaum*, 236 Ga. 476, 477 (1) (224 SE2d 38) (1976). We can conceive of no reason why an admission on the part of the immediate employer that it has not secured workers' compensation insurance and lacks the financial ability to pay the award should be considered insufficient to impose a burden of payment on the statutory employer. To require the claimant in such a case to obtain a judgment against his immediate employer and to expend resources attempting to collect it in order to establish his right to compensation from the statutory employer would frustrate the remedial purposes of the Act.

2. The appellants complain that they cannot be held responsible for the payment of a ten percent penalty and attorney fees pursuant to OCGA § 34-9-126 (b) based on the failure of the immediate employer to maintain insurance. We agree. OCGA § 34-9-126 (b) specifies that any employer who "refuses or wilfully neglects" to provide evidence of his compliance with the provisions of OCGA § 34-9-121 shall be guilty of a misdemeanor and may be required to pay a penalty in the amount of ten percent of the benefits awarded, plus reasonable attorney fees. "While it has been held that the provisions of the [Workers' Compensation Act] would be liberally construed in order to effect the beneficent purposes of the Act, the section providing penalties against employers will be strictly construed." *Petty v. Mayor &c. of College Park*, 63 Ga. App. 455, 456 (2) (11 SE2d 246) (1940). There is no suggestion that the statutory employer in this case has refused or wilfully neglected to maintain insurance, and we find nothing in the statute which would render him vicariously liable for the immediate employer's failure in this regard. Therefore, we hold that the superior court erred in affirming this portion of the board's award against the appellants.

3. The appellants contend that the evidence did not support the board's finding as to the amount of the claimant's average weekly wage. It was stipulated at the commencement of the hearing that the claimant had been earning $6 per hour for a 40-hour week prior to the accident, but that stipulation was later amended to show that he had actually been earning only $5.50 per hour. The appellants now seek to contradict this amended stipulation, contending that it conflicts with Rojas' testimony on the issue. However, a factual stipulation entered into between the parties in open court is conclusive, even though it conflicts with the evidence in the case. See *Food Giant v. Brown*, 174 Ga. App. 485, 486 (330 SE2d 183) (1985). Consequently, this enumer-

ation of error is without merit.

4. The appellants complain that the board's finding that the claimant was disabled as a result of a job-related injury is contrary to the evidence. "It is axiomatic that any finding of fact by the board, if supported by any evidence, is conclusive and binding upon the superior court and this court. [Cits.]" *Walton County Bd. of Commrs. v. Williams*, 171 Ga. App. 779, 780 (320 SE2d 846) (1984). There being some evidence, in the form of medical opinion testimony, to support the board's finding in this regard, we find this enumeration of error also to be without merit.

*Judgment affirmed in part and reversed in part. Carley and Beasley, JJ., concur.*

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 30, 1991.

*Judith A. Hodges*, for appellants.
*Coello & Wilder, Bonny Wilder*, for appellees.