## A93A0823. TRAVELERS INSURANCE COMPANY
## v. SOUTHERN ELECTRIC, INC.
### (434 SE2d 507)

Cooper, Judge.

Appellant, the workers' compensation carrier of a statutory employer under OCGA § 34-9-8 (a), brought this action pursuant to OCGA § 34-9-8 (b) to recover payments made to and on behalf of appellee's injured employee. The trial court granted summary judgment for appellee, ruling that appellant was not entitled to indemnification because appellant did not insist that the injured employee pursue a formal claim against appellee before it provided coverage.

Viewing the record in a light most favorable to appellant as the nonmovant on a motion for summary judgment, it appears that LCP Enterprises, Inc. ("LCP"), appellant's insured, was general contractor on a project. Pursuant to an agreement between LCP and appellee, appellee was to perform the electrical work on the project. When asked about workers' compensation coverage, appellee represented that it had its own; thus, LCP made no deductions for workers' compensation from payments made to appellee prior to the accident involved in this case. One of appellee's workers was seriously injured in an accident that was undisputedly work related. Appellant investigated the accident and learned that, despite appellee's continued representations to the contrary, appellee had no workers' compensation insurance. Appellee was aware of the injury and was aware of and participated in appellant's investigation. Based on its investigation and awareness that appellee had no insurance, appellant approved coverage and began providing benefits, even though the injured worker did not first institute proceedings against appellee. Appellant then brought this suit against appellee for indemnification.

1. Appellant argues that the trial court erred in ruling that its action for indemnification was barred by the worker's failure to pursue a formal claim against appellee. A general contractor on a project is liable for compensation to an employee of its subcontractor injured in the course of his work on the project. OCGA § 34-9-8 (a). However, the general contractor who pays such compensation is then entitled to recover the amount paid from the immediate employer, the sub-contractor. OCGA § 34-9-8 (b). Moreover, "[e]very claim for compensation under this Code section shall be in the first instance presented to and instituted against the immediate employer." OCGA § 34-9-8 (c). Appellee asserts that the language quoted from subsection (c) "clearly" establishes a condition precedent to the general contractor's right to recover under subsection (b). We do not agree that (b) and (c) are so intertwined that the language of (c) clearly requires the institution of a formal claim against the immediate employer before the general contractor is entitled to recover under (b); nor do we think

the language of (c) should be interpreted to create such a condition precedent. " 'The purpose of (OCGA § 34-9-8) is to ensure that employees in construction and other industries are covered by workers' compensation. . . .' [Cit.]" *Franks v. Avila*, 200 Ga. App. 733 (1) (409 SE2d 564) (1991). The section does this by making parties other than the worker's immediate employer responsible if the immediate employer does not provide coverage. However, it then protects those other parties by providing for indemnification and by stating that the worker must seek recovery from his immediate employer first. See *McCormick v. Kitchens*, 59 Ga. App. 376, 379 (1 SE2d 57) (1939) (institution of formal claim against immediate employer is condition precedent to recovery by claimant against statutory employer). Essentially, appellee invites us to paradoxically turn one of the protections the statute provides the statutory employer into a condition precedent to the availability of the other. We decline this invitation.

The purpose of the Workers' Compensation Act is to alleviate the suffering of injured workers and their families by providing immediate and certain financial assistance, regardless of whether the injury resulted from the fault of the employer, as long as the injury arose out of and in the course of employment. See *Slaten v. Travelers Ins. Co.*, 197 Ga. 1, 2-3 (28 SE2d 280) (1943); *Lumbermen's Mut. Cas. Co. v. Griggs*, 190 Ga. 277, 288 (9 SE2d 84) (1940). " '(A) liberal construction must be given to effectuate the humane purposes for which the (Workers' Compensation Act) was enacted.' [Cit.]" *Franks*, supra at 734. The humane purpose of ensuring immediate assistance would certainly not be furthered by holding that a statutory employer waives his right to recover from the immediate employer if it provides coverage where liability is clear without insisting that the claimant first institute formal proceedings against the immediate employer. Indeed, in the course of rejecting a statutory employer's argument that a formal judgment against an uninsured immediate employer was a condition precedent to the statutory employer's liability, we stated in *Franks* that: "We can conceive of no reason why an admission on the part of the immediate employer that it has not secured workers' compensation insurance and lacks the financial ability to pay the award should be considered insufficient to impose a burden of payment on the statutory employer. To require the claimant in such a case to obtain a judgment against his immediate employer and to expend resources attempting to collect it in order to establish his right to compensation from the statutory employer would frustrate the remedial purposes of the Act." Id. at 734.

Appellee contends the institution of a claim against the immediate employer should be required in order to allow the immediate employer to defend the claim before it may be held liable on it. However, it is undisputed that appellee had notice of the accident and the re-

sulting injury, was aware of appellant's investigation of the accident and in fact participated in that investigation. Moreover, appellee points to no defenses to the claim that could even arguably have been raised. At least under these circumstances, appellee's contention does not convince us that the institution of a formal claim against the immediate employer should be a condition precedent to the statutory employer's right to indemnification. Accordingly, the trial court erred in granting summary judgment for appellee on this ground.

2. Appellee argues that even if the trial court erred in granting summary judgment on the ground discussed in Division 1, the judgment should be affirmed based on principles of equitable estoppel. However, this entire situation is the result of appellee's misconduct in failing to maintain workers' compensation coverage and then misrepresenting that it had such coverage. Thus, appellee is in no position to invoke principles of equity in its defense, see OCGA § 23-1-10, and summary judgment based on equitable estoppel would also be inappropriate.

*Judgment reversed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 7, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*Irwin, Bladen, Baker & Russell, Thomas C. MacDiarmid*, for appellant.
*Wilson, Strickland & Benson, Warner R. Wilson, Jr., Lydia E. Barker*, for appellee.