In re Fred L. SCOTT, Debtor.

Hubert Wayne ALDRIDGE, Plaintiff,

v.

Fred L. SCOTT, Defendant.

Bankruptcy No. 280–00377.
Adv. No. 280–0078.

United States Bankruptcy Court,
C. D. Illinois.

April 24, 1981.

---

Robert A. Shipley, Chicago, Ill., for plaintiff.

Jerry B. Lucas, Kankakee, Ill., for debtor—defendant.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

Fred L. Scott, the defendant, filed a voluntary petition in bankruptcy on May 16, 1980. The plaintiff, H. W. Aldridge, filed a complaint to determine dischargeability on August 18, 1980. That complaint alleged that on or about April 5, 1977, defendant owned and operated a business known as Triple A Installation and Roofing. Plaintiff further alleges on that date while employed by Triple A Installation and Roofing he was injured while working within the scope of his employment. After the injury, plaintiff filed a Workmen's Compensation claim and on January 26, 1978, received an award of $12,660.52. Plaintiff claims he has received no payment on this award and seeks to block its discharge in bankruptcy.

Plaintiff contends that Illinois Revised Statutes, Chapter 48, Section 138.4 required defendant to carry Workmen's Compensation insurance to protect his employees who suffer injuries while in the scope of their employment. Defendant's failure to procure this insurance, according to plaintiff's theory, amounts to a willful and malicious injury by the debtor to plaintiff's property such as to bar discharge under § 523(a)(6) of the Bankruptcy Code.

Defendant moved to strike the complaint on the grounds that while a violation of a statute could amount to negligence the Court could not deem the failure to obtain Workmen's Compensation insurance a willful and malicious injury to plaintiff. Defendant also contends the plaintiff's Workmen's Compensation award was not based on a willful or malicious act by defendant and that defendant's only wrongful act was his failure to pay the Workmen's Compensation award and this failure does not constitute a willful and malicious injury to plaintiff's property.

Plaintiff presents a novel argument, and one, so far as the Court can determine, without precedent. In order to show defendant's failure to carry Workmen's Compensation insurance constituted a willful and malicious injury to him or his property rights, plaintiff must prove defendant's failure to carry insurance was a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse. See 3 *Collier on Bankruptcy*, ¶ 523.16(1) (15th Ed.1980).

Plaintiff's theory fails on the requirement that defendant's act necessarily produced harm. Failure to insure against Workmen's Compensation claims, or to qualify as a self-insurer, produced only the potential for harm. Acts producing the po-

tential for harm or injury are negligent but not willful or malicious, within the purview of § 523(a)(6), unless the harm will inevitably follow defendant's wrongful act. Here failure to insure does not inevitably cause harm; an uninsured employer may never have a claim resulting in a damage judgment against him, or, if he does, may be able to pay the claim out of the operating funds of the business.

The Court thus concludes that defendant's failure to procure Workmen's Compensation insurance did not constitute a violation of § 523(a)(6) of the Bankruptcy Code and will allow defendant's motion to strike the complaint. Because of the novelty of this issue the Court will, upon request of the parties, enter an Order stating that there exists no just reason for delaying an appeal of this ruling.