In the Matter of James T. **HOLMES** d/b/a the Holmes Company and Bertha June Holmes, his wife, Debtors.

Bernard D. **JULIANO**, Plaintiff,

v.

James T. **HOLMES** d/b/a the Holmes Company, Defendant.

Bankruptcy Nos. 81–00007, 81–00105. Adv. No. 81–0353.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 31, 1985.

Thomas P. Agresti and Agresti and Agresti, Erie, Pa., for plaintiff.

Floyd Leon Arbogast, Jr., Pittsburgh, Pa. and Richard T. Ruth and Joseph T. May, Erie, Pa., for debtor/defendant.

R. Perrin Baker, Erie, Pa., trustee.

Kenneth D. Chestek, Erie, Pa., for petitioning creditors.

## MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

The plaintiff, Bernard D. Juliano, is a creditor of the bankrupt with a judgment for $14,476.49 in the Court of Common Pleas of Erie County, Pennsylvania as a result of an injury he sustained in the course of his employment by the debtor and based on a Workmen's Compensation award he obtained against the debtor as a result of said injury.

The plaintiff was employed by the debtor as an automobile mechanic and sustained multiple fractures to his left wrist and elbow while mounting a truck in the performance of the duties of his employment. The wife-debtor was not alleged to be connected with the business or to have any responsibility for the occurrences on which the plaintiff's action is based, but the husband-debtor, who owned and operated the business is shown to have volunteered to settle the plaintiff's claim for him and told the plaintiff to say he was a business invitee to the premises of the debtor at the time he sustained his injury, rather than an employee. The debtor is alleged to have advised the foregoing position because he did not carry Workmen's Compensation Insurance as required by state law and hoped to obtain a settlement from his property and business insurance carrier for the said damages. The plaintiff obtained an offer from the American Insurance Company in the sum of $3,500.00 after which he retained Joseph V. Agresti, Esq., a highly respected member of the Erie County Bar Association and former President thereof to represent him in the matter who re-negotiated the settlement offer without knowledge of the false representations on which it was based and was successful in having it increased to $9,500.00.

The day before a scheduled conference for payment of the claim, the plaintiff admitted to his attorneys, Agresti and Agresti, Esqs., that he was an employee in the debtor's garage and sustained the injuries and medical expenses complained of in the course of his employment, and not as a business invitee to the debtor's garage as he had previously been induced to represent on the fraudulent advice of the debtor who was motivated by a desire to escape both criminal prosecution and personal liability as a result of the accident. The attorneys ethically and commendably told the debtor they could not have the settlement consummated by the American Insurance Company without first explaining the true facts of the situation to them, subsequent to which the insurance company declined to make any payment on the claim and the attorneys filed the Workmen's Compensation claim on which they obtained

the award of $14,476.49 for which the above judgment was entered against the debtor in the Court of Common Pleas which the plaintiff is now unable to collect because of the within no-asset bankruptcy proceeding the debtor subsequently filed.

The plaintiff's position is that he was damaged by the wrongful advice he obtained from the debtor to permit said debtor to handle the settlement of his claim with his business insurance company under a misrepresentation of the facts; that it was because of the debtor's wrong in urging him to allow his claim to be presented in a false and fraudulent manner that he was unable to collect the $9,500.00 award he obtained from the business insurance carrier and was relegated to his remedies under the Workmen's Compensation Act in which he obtained the now worthless judgment against the debtor in lieu of the aforesaid $9,500.00 settlement offer.

It is clear from all the testimony that the plaintiff's attorneys acted properly and ethically and most commendably in all respects and were not party to the falsity elements of the presentation of the plaintiff's claim to the insurance company and did not know of the perfidy on which it was based as a result of the nefarious advice of the debtor offered with alacrity at the time of the accident of the manner in which the claim should be presented of which the attorneys were wholly uninformed and innocent.

It is also clear that the plaintiff is an individual without higher education or knowledge of legal issues, and that an employee in the position of the plaintiff is subject to influence and domination by an employer who represents himself as knowledgeable in the procedures he would be required to follow to obtain financial redress for his injuries and expenses.

The plaintiff was not only delayed by the wrongful acts of the defendant in the proper presentation of his claim through the Workmen's Compensation channels during which the debtor's financial condition and ability to pay the plaintiff's award declined, but he was damaged more concretely by his failure to perform his statutory duty of carrying Workmen's Compensation Insurance. He accordingly properly requests in his complaint for relief that the debtor's obligation to compensate him for his injury and expenses sustained in the course of his employment be excepted from his discharge under the provisions of 11 U.S.C. 523(a)(6) of the Code which provides that a discharge under Section 727 and other sections not relevant here does not discharge an individual debtor from any debt

"(6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

The omission of the defendant to carry Workmen's Compensation Insurance was committed knowingly and intentionally and hence was a willful act. It was also done with the intention of injuring anyone in the plaintiff's position who would suffer loss thereby and as this result was forseeable it was malicious. The maliciousness is also evidenced by the alacrity with which the defendant suggested and assumed the direction of the false and fraudulent manner of presenting the claim which would also have the result of exculpating him from personal liability and criminal prosecution therefor. The failure of the defendant to carry Workmen's Compensation Insurance was therefore a malicious as well as a willful act and injured the plaintiff and his property comprising his statutory right of redress for his injuries and damages from a Workmen's Insurance carrier; such failure to carry Workmen's Compensation Insurance was therefore a willful and malicious injury to the plaintiff and his property within the meaning of Section 523(a)(6).

It is ORDERED, ADJUDGED and DECREED this 30th day of August, 1985 that the obligation of the defendant, James T. Holmes to pay the plaintiff's judgment for $14,476.49 at No. 1331-J-1980 in the Court of Common Pleas of Erie County, Pennsylvania and lawful interest thereon from the date of the injury October 21, 1977 be, and the same hereby is determined to be nondischargeable within the meaning of 11 U.S.C. Section 523(a)(6).