Steven J. Costello, Carpentersville, Ill., for defendants.

**In re Richard J. STRAUSS, d/b/a Benchmark Construction, and Diana L. Strauss, Debtors.**

**Stanley M. ZIELINSKI, Plaintiff,**

**v.**

**Richard J. STRAUSS, d/b/a Benchmark Construction, and Diana L. Strauss, Defendants.**

**Bankruptcy No. 87 B 31251. Adv. No. 87 A 3109.**

United States Bankruptcy Court, N.D. Illinois, W.D.

May 23, 1988.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Debtors/Defendants for Summary Judgment. The Plaintiff, Stanley M. Zielinski, is represented by Attorney Kenneth F. Ritz. The Debtors are represented by Attorney Steven J. Costello.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Prior to bankruptcy, the Debtor, Richard J. Strauss, conducted business as Benchmark Construction. The Debtor employed the Plaintiff as a laborer. While on the job, the Plaintiff was injured when a nail struck him in the eye, eventually requiring replacement of the eye with a prosthesis.

The Plaintiff brought an action before the Illinois Industrial Commission against the Debtor for employee benefits. The Industrial Commission found that the Plaintiff was an employee of the Debtor and was entitled to benefits. However, the Debtor carried no worker's compensation insurance as required by Illinois law so that the Plaintiff has been forced to collect

against the Debtor personally. The Debtor filed for relief under Chapter 7 of the Code on September 8, 1987. This suit to determine the dischargeability of a debt pursuant to Section 523(a)(6) of the Code soon followed.

Section 523(a)(6) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C. Section 523(a)(6).

In order for a debt to be declared nondischargeable pursuant to Section 523(a)(6), the creditor has the burden of proving that the injury was caused by an act that was both willful and malicious. *United Bank of Southgate v. Nelson*, 35 B.R. 766 (D.C.N.D.Ill.1983). Case law defines willful as an "intentional or deliberate" act. *In re Weingarten*, 49 B.R. 881 (Bankr.N.D.Oh. 1985); *In re Emporelli*, 42 B.R. 814 (Bankr.W.D.Pa.1984); and, *In re Meyer*, 7 B.R. 932 (Bankr.N.D.Ill.1981). A malicious act is one "in which the debtor knows his act would harm the creditor's interest and proceeds in the face of the knowledge." *United Bank of Southgate v. Nelson*, 35 B.R. at 776.

In this case, the Debtor maintains that, as a matter of law, the Debtor's failure to carry workman's compensation insurance did not "cause" the Debtor's injury and was not a "willful" or "malicious" act. *In re Brower*, 24 B.R. 246 (Bankr.D.N.M. 1982); *In re Scott*, 13 B.R. 25 (Bankr.C.D. Ill.1981). The Plaintiff argues that injury to his statutory right of workman's compensation was "caused" by the Debtor's failure to carry workman's compensation insurance and said failure was an intentional or deliberate act done with knowledge of the likelihood that the Plaintiff may be injured on the job and the Debtor failed to carry the insurance in the face of that knowledge. *In re Holmes*, 53 B.R. 268 (Bankr.W.D.Pa.1985).

It is uncontroverted that the Debtor did not cause the injury to the Plaintiff's eye. The injury to the eye was caused by an accident while the Plaintiff was in the employ of the Debtor. However, pursuant to Illinois Revised Statutes ch. 48, Section 138.4, the Debtor did have a duty to procure insurance to protect his employees from monetary loss due to injuries suffered at work.

The Debtor cites two cases, *In re Brower* and *In re Scott*, that reject the Plaintiff's theory. The loss, the courts find, was caused by on the job injuries; not the failure to procure insurance. In other words, the failure to carry insurance would not necessarily cause harm so that failure to do so does not rise to a level of culpability that warrants the debt to be declared non-dischargeable.

The better view is taken by the court in *In re Holmes*. In *Holmes*, the court found that it was forseeable that an employee would be injured and that failure to obtain workman's compensation insurance would injure the employee's statutory right to insurance benefits. This is buttressed in Illinois in that industries "which are declared to be extra hazardous, namely:

1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure.

2. Construction, excavating or electrical work ..." are required to carry workman's compensation insurance. Ill.Rev.Stat. ch. 48, Section 138.3. To fail to carry adequate insurance or be in a position to self-insure is an intentional act done with knowledge that the act will harm his employee's interests.

The Plaintiff has not alleged any facts that would sustain a cause of action against Diana L. Strauss so that Summary Judgment is proper as to her. However, the Plaintiff states a cause of action against Richard J. Strauss.

On the basis of the foregoing:

1. Defendants' Motion for Summary Judgment as to Debtor/Defendant, Diana L. Strauss, is ALLOWED; and,

2. Defendants' Motion for Summary Judgment as to Debtor/Defendant, Richard J. Strauss, is DENIED.

IT IS SO ORDERED.