In re Kerry ERICKSON and Susan Erickson, Debtors.

Marvin VIG, Plaintiff,

v.

Kerry ERICKSON and Susan Erickson, and Erickson Enterprises, Inc., Defendants.

Bankruptcy No. 87–00101–A.
Adv. No. 87–0152.

United States Bankruptcy Court, D. Idaho.

July 22, 1988.

---

Richard J. Hayden, May & Hayden, and Terrance W. Hannon, Coeur d'Alene, Idaho, for plaintiff.

Carolyn Justh, Brown & Justh, Coeur d'Alene, Idaho, for defendants.

## MEMORANDUM DECISION

ALFRED C. HAGAN, Chief Judge.

Plaintiff Vig has filed the present adversary complaint against the defendants Erickson seeking to have a debt owed Vig declared non-dischargeable.[1]

### FACTS

Defendants were the sole shareholders of a corporation named Erickson Enterprises, Inc. (Erickson). The corporation was involved in the performance of reforesta-

---

**1.** Plaintiff has cited 11 U.S.C. §§ 523(a)(2), (4), and (6) as the Code sections upon which he relies for relief.

tion contracts. Vig was hired by the corporation as a laborer to plant trees, ostensibly as an independent contractor. While performing his assigned duties, Vig injured his back and required medical attention; however, defendants had discontinued paying their workmen's compensation insurance premiums. The defendants did not replace the workmen's compensation insurance with a security deposit with the state treasurer. Instead, $3.00 per day was withheld from the wages of the laborers to cover their injury claims.

After Vig's injuries, he took his claim before the Industrial Commission, and in May of 1985 he was awarded $19,461.57. The Commission also found Vig to be an employee and not an independent contractor. As an employee, the Commission held Vig was entitled to be covered by workmen's compensation. After the Commission rendered its decision in January or February of 1986, the defendants dissolved their corporation. Vig then went before the Commission a second time to pursue his claim against the defendants individually.

In a decision entered October 9, 1986, the Industrial Commission again found for Vig, and the defendants were found to be personally liable on the claim of Vig. On January 14, 1987, the defendants filed a petition for relief under Chapter 7 of the Bankruptcy Code.

## DISCUSSION
■ **11 U.S.C. § 523. EXCEPTIONS TO DISCHARGE.**

(a) A discharge under section 727, 1141, 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ...

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity; ...

"Injuries within the meaning of section 523(a)(6) are not confined to physical damage or destruction. It also encompasses injuries to intangible personal or property rights."[2] Workmen's compensation claims have been held to be property rights by the Supreme Court of Idaho.[3] The present action involves the workmen's compensation claim of Vig and, therefore, the threshold issue of whether § 523(a)(6) applies to this situation has been affirmatively answered.

■ Defendants contend section 523(a)(6) does not apply to this factual situation because the defendants did not intend to harm the plaintiff by their actions. Such intent to cause injury is not an element of a cause of action under § 523(a)(6). The focus is not on the debtors' intent to produce the injury, but the intent to perform the act which gives rise to the injury: "When a wrongful act ... done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure."[4]

■ In order to analyze the actions of the defendants I look to the findings of the Industrial Commission ruling. These findings are entitled to collateral estoppel effect in this proceeding. The findings of an administrative tribunal may be afforded collateral estoppel effect and the same may be so applied in the bankruptcy court in a determination of nondischargeability.[5] Before the findings of an administrative tribunal may be given collateral estoppel effect, however, a four part test must be passed:[6]

1. The issue in the present suit is the same as in the prior suit;

**2.** *In re Morris,* 12 B.R. 509, 511 (Bankr.D.Nevada 1981).

**3.** *Cook v. Cook,* 102 Idaho 651, 637 P.2d 799 (1981).

**4.** *In re Cecchini,* 772 F.2d 1493, 1496 (9th Cir. 1985).

**5.** *In re Harck,* 70 B.R. 118, 120 (9th Cir. BAP 1987) [citing *United States v. Utah Construction Company,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed. 2d 642 (1966) for the proposition that administrative hearings may be afforded collateral estoppel effect. The Supreme Court was not addressing issues of nondischargeability.]

**6.** *Vadnais v. Spaulding,* 87 IBCR 147, 150 (Bankr.D.Idaho 1987).

2. The issue was actually litigated in the prior suit;

3. The issue was determined by a final valid judgment in the prior suit; and

4. The determination of the issue was essential to the final judgment in the prior suit.

The issue in the second hearing before the Industrial Commission, i.e., the one which is to be afforded collateral estoppel treatment here, is identical to the issue before this Court. Both concerned the individual liability of the defendants for their failure as the sole corporate officers and shareholders to procure workmen's compensation coverage for Vig. The first test is thus met.

The issue was actually litigated before the Industrial Commission. Both parties were represented by counsel and evidence was presented. The second test has also been met.

At the conclusion of the hearing the Commission issued its "Findings of Fact, Conclusions of Law, and Award." This constitutes a final valid judgment and satisfies the third test.

The issue before the Commission was the only issue before the Commission. It was therefore essential to the final judgment. All four tests have been affirmatively met and the findings of the Industrial Commission are accepted by this Court.

Some of the findings of the Industrial Commission must be stated. The Industrial Commission found Vig to be an employee, not an independent contractor; the Ericksons are jointly and severally liable with Erickson on Vig's claim; and this liability stems from the duty of Erickson to secure payment of compensation pursuant to Idaho Code § 72–301.

The defendants admitted their failure to provide workmen's compensation for Vig. They were under a duty to do so. They intentionally failed to perform this duty. This intentional failure directly led to Vig's predicament of being without workmen's compensation coverage. This intentional failure is a violation of § 523(a)(6) and therefore results in a finding of nondischargeability of the debt owed Vig in the amount of $26,600.79.

Authority for today's decision can be found in the nearly identical case of *Matter of Holmes:*[7]

> The omission of the defendant to carry Workmen's Compensation Insurance was committed knowingly and intentionally and hence was a willful act... The failure of the defendant to carry Workmen's Compensation Insurance was therefore a willful act and injured the plaintiff and his property comprising his statutory right of redress for his injuries and damages from a Workmen's Compensation Insurance Carrier; such failure to carry Workmen's Compensation Insurance was therefore a willful and malicious injury to the plaintiff and his property within the meaning of Section 523(a)(6).[8]

The debt owed Vig is nondischargeable pursuant to § 523(a)(6). Claims for relief based on § 523(a)(2) and § 523(a)(4) will be denied.

This opinion may serve as formal findings of fact and conclusions of law. Counsel for the plaintiff may prepare and submit an appropriate form of judgment.

---

7. *Matter of Holmes,* 53 B.R. 268 (Bankr.W.D.Pa. 1985).

8. *Id.,* at 270.