**In re Richard J. STRAUSS, d/b/a Benchmark Construction, and Diana L. Strauss, Debtors.**

**Richard J. STRAUSS, Appellant,**

**v.**

**Stanley M. ZIELINSKI, Appellee.**

**No. 88 C 20280.**

United States District Court, N.D. Illinois, W.D.

April 10, 1989.

Kenneth F. Ritz, Rockford, Ill., for Stanley M. Zielinski.

Raymond J. Costello, Carpentersville, Ill., for Richard J. Strauss.

## ORDER

ROSZKOWSKI, District Judge.

This action comes before the court on appeal from a final judgment order of the United States Bankruptcy Court for the Northern District of Illinois, Western Division. For the reasons set forth below, the court affirms the bankruptcy court's final judgment order of June 29, 1988.

## NATURE OF THE CASE

As the facts are not in issue in this appeal, the court shall merely recite the facts laid out in the bankruptcy court's memorandum opinion and order of May 23, 1988 (memorialized in *Zielinski v. Strauss*, 86 B.R. 559 (Bankr.N.D.Ill.1988)). Prior to bankruptcy, the debtor/appellant Richard J. Strauss conducted business as Benchmark Construction. The appellant employed the creditor/appellee Stanley M. Zielinski as a laborer. While on the job Zielinski was injured when a nail struck him in the eye, eventually requiring replacement of the eye with a prosthesis. Zielinski brought an action before the Illinois Industrial Commission against Strauss for employee benefits. The Industrial Commission found that Zielinski was an employee of Strauss and was entitled to be compensated by Mr. Strauss for his injuries in the amount of $80,845.61. Strauss, however, carried no workman's compensation insurance as required by Illinois law so Zielinski attempted to collect against Strauss personally. Strauss, however, had filed for relief under Chapter 7 of the Bankruptcy Code on September 8, 1987.

Thereafter, Zielinski brought an adversary bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(2), (6) and (c) seeking to have Strauss's debt determined to be nondischargeable under § 523(a)(6) of the Bankruptcy Code. Strauss countered with a motion for summary judgment asking that the adversary complaint be dismissed.

The bankruptcy court ruled in favor of Zielinski in its memorandum opinion dated May 23, 1988. Zielinski then presented a motion for summary judgment and the bankruptcy court on June 29, 1988 ruled that such motion should be granted based upon its memorandum opinion ruling against Strauss's motion for summary judgment.

The bankruptcy court essentially held that Strauss's failure to obtain workman's compensation insurance was a "willful" and "malicious" injury to the property of Mr. Zielinski, and as such the resulting $80,845.61 debt should be nondischargeable in bankruptcy. It is from this judgment order of June 29, 1988 that this appeal is taken, pursuant to 28 U.S.C. § 154(a).

## DISCUSSION

The appellant Strauss has framed the questions before the court as solely questions of law. The appellant does not question any of the bankruptcy court's factual findings. Accordingly, the court will invoke a de novo standard of review. *Matter of Evanston Motor Company, Inc.,* 735 F.2d 1029, 1031 (7th Cir.1984).

The question on appeal centers around the dischargeability of Strauss's debt of $80,845.61 to Zielinski. The appellant maintains that the debt is dischargeable despite the bankruptcy court's finding that the debt is nondischargeable pursuant to 523(a)(6).[1]

The appellant proffers two basic arguments against the bankruptcy court's finding of nondischargeability of the debt based on the appellant's failure to procure workman's compensation coverage. First, the appellant argues that Zielinski's injury

was not caused by the appellant. Specifically, the appellant avers that the injuries sustained to the appellee's eye occurred through absolutely no fault of the appellant. Furthermore, the appellant argues that his failure to obtain workman's compensation insurance did not cause this eye injury, but only affected his ability to compensate for the eye injury. Finally, the appellant admits that while Illinois law requires him to carry workman's compensation insurance, (Ill.Rev.Stat. ch. 48, ¶ 138.4 (1986)), the fact that he did not procure such insurance was not the proximate cause of Zielinski's eye injury.

The appellant's second argument is simply that even if it could be said that his failure to insure caused an injury to the appellee, such injury was not a "willful" or "malicious" injury under the Bankruptcy Code. In particular, relying on the definition of "willful" and "malicious" utilized by the bankruptcy court and the precedent of *In re Scott,* 13 B.R. 25 (Bankr.C.D.Ill. 1981),[2] the appellant asserts that his failure to carry workman's compensation insurance could not have been "malicious." The appellant explains that the bankruptcy court's definition of "malicious"[3] requires that the debtor, in this case, Strauss, "know" that his act will harm the creditor. The appellant continues that in this case he could not have known that his "act" of not obtaining insurance would harm Zielinski. According to the appellant, harm did not necessarily flow from Strauss's act; for harm to occur Zielinski also had to suffer his eye injury. Strauss concludes that he obviously could not have known that such an event would have occurred.

1. Section 523(a)(6) provides:
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   * * * * * *
   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity; 11 U.S.C. Section 523(a)(6).

2. In *In re Scott,* the *Scott* court used the following definition of "willful" and "malicious": "a wrongful act done intentionally which necessarily produces harm and is without just cause or

excuse," found that the debtor's failure to insure did not meet the definition of "willful" and "malicious" because harm did not "necessarily" follow from the failure to insure.

3. The bankruptcy court adopted the following definition: "a malicious act is an act in which the debtor knows his act would harm the creditor's interest and proceeds in the face of that knowledge." *Strauss,* 86 B.R. at 560; *See United Bank v. Southgate,* 35 B.R. 766, 776 (N.D.Ill. 1983).

The appellant surmises that the bankruptcy court, rather than requiring that Strauss "know" that the act would cause injury, found that the injury was merely "forseeable" and therefore "willful" and "malicious." *See Strauss*, 86 B.R. at 560. Strauss argues that the terms "forseeable" and "knowing" are clearly not equivalent, to define a "malicious" act as one in which harm is "forseeable" would be to include erroneously negligent acts as well as acts with reckless disregard in the definition.

■ With regard to the appellant's first argument that the appellee's injury was not caused by Strauss himself, the court finds that the appellant has missed the point. Simply put, the bankruptcy court did not hold that Strauss had caused Zielinski's eye injury. In fact, the bankruptcy court states "[i]t is uncontroverted that the debtor did not cause the injury to the plaintiff's eye." *Strauss*, 86 B.R. at 560. Rather, the bankruptcy court adopts the appellee's argument that appellant injured the appellee's "statutory right of workman's compensation." *Id.* Consequently, the injury to be concentrated on in the instant case is not the injury to the appellee's eye but to his statutory right to insurance protection from monetary loss due to injuries suffered at work. *Id.* Undoubtedly, this right of the appellee was injured by the appellant's failure to procure workman's compensation insurance.

■ With regard to the appellant's second argument, the court first notes the dichotomy among past bankruptcy court decisions that have wrestled with the question of whether the failure to procure workman's compensation benefits is a "willful" and "malicious" injury under § 523(a)(6) of the Bankruptcy Code. Two decisions in the early 1980's found that the failure to procure workman's compensation benefits was not a "willful" or "malicious" injury for purposes of the Bankruptcy Code. The leading case as to this way of thinking is *In re Scott, supra,* wherein essentially, the *In re Scott* court found that the plaintiff's (creditor's) theory of nondischargeability failed on the require-

ment that the debtor's act "necessarily" produced harm. *Scott*, 13 B.R. at 26.

Failure to insure against workman's compensation claims or to qualify as a self insurer produced only the potential for harm. Acts producing the potential for harm or injury are negligent but not willful or malicious within the purview of § 523(a)(6) unless the harm will inevitably follow defendants wrongful act. Here failure to insure does not inevitably cause harm. An uninsured employer may never have a claim resulting in a damage judgment against him or, if he does, he may be able to pay the claim out of the operating funds of the business. *In re Scott, Id.* at 26, 27.

The court, in *In re Brower*, 24 B.R. 246 (Bankr.D.N.M.1982), merely follows the lead of *In re Scott.* The lesson to be learned from these two cases is that because another event must occur, i.e. an injury to an employee, the failure to procure workman's compensation does not "inevitably" nor "necessarily" lead to the employee's loss of workman's compensation benefits.

Recently, there has been a spate of cases finding that an employer's failure to procure workman's compensation insurance results in nondischargeability pursuant to § 523(a)(6) of the Bankruptcy Code starting with *In re Holmes* in 1985. In *In re Holmes*, 53 B.R. 268 (W.D.Penn.1985), the court essentially found that the omission of the defendant to carry workman's compensation insurance was committed "knowingly" and "intentionally" and hence was a "willful" act. The court also found that the failure to carry insurance was done with the intention of injuring anyone in the plaintiff's position who would suffer loss thereby as this result was forseeable it was malicious. *Holmes*, 53 B.R. at 270. Of course, the bankruptcy court in the instant case found that the failure to carry insurance would forseeably injure the employee's statutory right to insurance benefits in contravention of § 523(a)(6) of the Code.

Finally in *In re Erickson*, 89 B.R. 850 (Bankr.D.Idaho 1988), the *In re Erickson* court found that the failure to procure

workman's compensation "necessarily" produced the creditors's predicament of being without workman's compensation coverage and that this intentional failure is a violation of § 523(a)(6) resulting in a finding of nondischargeability. *Erickson*, 89 B.R. at 852.

The court does not share the appellant's belief that his actions in the face of foreseeable injury are merely negligent and cannot be "malicious" for purposes of the Bankruptcy Code. Rather, the court finds that a debtor may act "maliciously" if it was foreseeable that an employee would be injured and that failure to obtain workman's compensation would injure the employee's statutory right to insurance benefits. This is particularly true in the instant case, as Judge DeGunther points out, in light of the hazardous business of the appellant.

Even if, as suggested by the appellant, the terms "know" and "foresee" are not clearly equivalent, the court may still find that the appellants acted "maliciously" since the appellee's rights were, in a sense, "necessarily" and "inevitably" injured when the appellant failed to carry workman's compensation insurance. Simply put, the debtor's failure to procure workman's compensation insurance immediately places all employees of the debtor at risk to the kind of loss suffered by Mr. Zielinski and immediately deprives all employees of the statutorily mandated protection and security of workman's compensation insurance. Again, this risk is particularly egregious in the context of a construction business such as the appellant's. A debtor, who despite this knowledge of foreseeable injury, refuses to procure workman's compensation is acting "maliciously." In other words, a debtor possesses "knowledge" sufficient for finding "malice" when said debtor knows beforehand that if a workman's compensation claim does arise his or her actions preclude an injured employee from receiving compensation.

For example in the *Holmes* decision, the court found that the debtor's failure to obtain workman's compensation was done "with the intention of injuring anyone in the plaintiff's position who would suffer loss thereby ..." *Holmes*, 53 B.R. at 276. Similarly, Judge DeGunther explained that the appellant's failure to procure insurance was an "intentional act done with knowledge that the act will harm his employee's interest." *Strauss*, 86 B.R. at 560. The appellant's intentional failure to obtain workman's compensation insurance "directly" led to Zielinski's predicament of being without workman's compensation coverage. *Erickson*, 89 B.R. at 853. The appellant argues that he could not have "known" that his actions would cause the appellee's injury. On the contrary, in this case, the appellant certainly knew his actions would cause injury to the appellee and all others in a similar position.

Accordingly, for the reasons set forth below, the court finds the appellant's failure to procure workman's compensation coverage to be a "willful" and "malicious" injury to the appellee's right to workman's compensation. Accordingly, the court affirms the bankruptcy court's judgment finding Strauss's ($80,845.61) debt to Zielinski nondischargeable under 523(a)(6) of the Bankruptcy Code.