**In the Matter of James Coley SATURDAY, Sr., d/b/a Saturday Moving & Storage, Debtor.**

**Tommie L. HESTER, Plaintiff,**

v.

**James Coley SATURDAY, Sr., d/b/a Saturday Moving & Storage, Defendant.**

**Bankruptcy No. 90–42130.
Adv. No. 91–4024.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Oct. 29, 1991.

Lester B. Johnson, Savannah, Ga., for plaintiff.

William T. Hudson, Savannah, Ga., for defendant.

## MEMORANDUM AND ORDER

LAMAR W. DAVIS, Jr., Chief Judge.

Debtor James C. Saturday, Sr., doing business as Saturday Moving & Storage, filed a Chapter 7 petition with this Court on November 21, 1990. Tommie L. Hester filed the instant adversary proceeding on March 11, 1991, to determine the dischargeability of his debt for workers' compensation claims. On July 30, 1990, an Administrative Law Judge for the Georgia State Board of Workers' Compensation issued an order finding that the employer, the Debtor here, "willfully neglected" to carry workers' compensation insurance at the time of the injury and was not in compliance with O.C.G.A. Sections 34-9-121 and 34-9-126(a) and (b). In this adversary proceeding, Mr. Hester seeks to have his workers' compensation claims deemed nondischargeable under 11 U.S.C. Section 523(a)(6) as a "willful and malicious injury." A trial was held on April 17, 1991, to determine the dischargeability of Mr. Hester's workers' compensation claims. The trial was continued to June 11, 1991. After consideration of the evidence presented, the briefs and other documentation filed by the parties, together with applicable authorities, I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debtor James C. Saturday, Sr., doing business as Saturday Moving & Storage, filed a Chapter 7 petition with this Court on November 21, 1990. Mr. Saturday is the sole proprietor of Saturday Moving & Storage, a moving company which employs more than three full time employees.

As Georgia Workers' Compensation Law requires all employers with more than three employees to maintain workers' compensation insurance coverage, Mr. Saturday was required by law to have this insurance at the time of Mr. Hester's accident. *See* O.C.G.A. §§ 34-9-2(a) and 34-9-121(a). Additionally, Debtor testified that he was aware of this requirement and that two other employees had previously filed workers' compensation claims against Mr. Saturday, which he self insured due to lack of

insurance coverage for workers' compensation claims.

Mr. Hester was employed by Mr. Saturday some time before his November 30, 1988, accident. His job entailed heavy lifting and truck driving. Mr. Hester, who already had a weak back, signed a letter certifying that he would not hold his employer responsible for any back injuries while working. The Honorable James E. Yates, III, Administrative Law Judge for the Georgia State Board of Workers' Compensation, found this agreement to be void as against public policy.

On November 30, 1988, Mr. Hester, while in the course of his employment as a truck driver, was injured when the truck he was driving was rear ended by another truck on U.S. 95. Mr. Hester's back was injured in the accident, which aggravated his prior back condition. Mr. Hester was required to seek immediate medical attention upon his return to Savannah. After a hearing, it was determined by the Administrative Law Judge that the injury of November 30, 1988, was the precipitating cause of Mr. Hester's total disability from December 6, 1988, to May 18, 1990.

The Administrative Law Judge in his order dated July 30, 1990, found that the employer "willfully neglected" to carry the mandatory workers' compensation insurance at the time of Mr. Hester's injury. Subsequently, the Administrative Law Judge ordered Mr. Saturday to pay a 10% penalty on income benefits as well as attorney's fees pursuant to O.C.G.A. Section 34–9–126(b). The actual workers' compensation award included payments of $133.34 per week commencing December 6, 1988, and continuing until May 18, 1989, plus the 10% penalty of $13.34 per week, and a 15% penalty of $20.00 per week for all income benefits past due. Besides the aforementioned attorneys' fees, the order also required Mr. Saturday to pay for all of Mr. Hester's medical and transportation expenses. Mr. Saturday was credited for partial payment of some of these expenses. All accrued compensation was ordered to be paid in a lump sum at once. Also, it was shown that the Administrative Law Judge credited Mr. Saturday for earnings Mr. Hester received while working at another business after leaving Saturday's Moving and Storage.

The Debtor testified that the reason he did not have workers' compensation coverage was a lack of funds. While he asserted that his failure to obtain the insurance was not willful and malicious, he clearly admitted that the lapse in coverage was not a result of mistake or inadvertence but rather was an intentional act or decision on his part to forego coverage.

## CONCLUSIONS OF LAW

Under 11 U.S.C. Section 523(a)(6) the court may refuse the debtor a discharge on any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." This injury must be willful as well as malicious. *In re Mills*, 111 B.R. 186 (Bankr.N.D.Ind. 1988).

The burden of proof is upon the plaintiff excepting to discharge to prove by a preponderance of the evidence that a discharge is not warranted in debtor's bankruptcy case. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The United States Supreme Court has held that the preponderance of the evidence standard, instead of the clear and convincing evidence standard, should apply in all exceptions to discharge provisions of 11 U.S.C. Section 523(a).

Under Section 523(a)(6), the creditor must first prove that the debtor acted willfully. A willful act is one done deliberately and intentionally. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257 (11th Cir.1988); *In re Ikner*, 883 F.2d 986 (11th Cir.1989). *See Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987) (Willful under Section 523(a)(6) requires a deliberate or intentional act that necessarily leads to injury and not an act with intent to cause injury).

The bankruptcy courts are split on the issue of whether an employer's failure to carry workers' compensation insurance is non-dischargeable as a "willful and malicious" injury. At least three courts have found the failure to carry workers' compen-

sation insurance to be a "willful and malicious" injury. *See Matter of Holmes,* 53 B.R. 268 (Bankr.W.D.Pa.1985); *In re Erickson,* 89 B.R. 850 (Bankr.D.Idaho 1988); *In re Strauss,* 99 B.R. 396 (N.D.Ill.1989). At least four other courts have refused to find a willful and malicious injury where the employer has failed to provide the statutorily required workers' compensation insurance. *See In re Scott,* 13 B.R. 25 (Bankr.C.D.Ill.1981); *In re Brower,* 24 B.R. 246 (Bankr.D.N.M.1982); *In re Zalowski,* 107 B.R. 431 (Bankr.D.Mass.1989); *Matter of Hampel,* 110 B.R. 88 (Bankr.M.D.Ga. 1990).

In *Holmes, supra,* the court concluded that the employer's failure to carry workers' compensation insurance was knowing and intentional and therefore willful under Section 523(a)(6). Also, as it was foreseeable that a worker in plaintiff's position would be uncompensated, the failure to insure was malicious.

The bankruptcy court in *Erickson, supra,* determined that the failure to provide the statutorily required workers' compensation insurance was willful in that the failure to provide such insurance "necessarily" produced the worker's predicament of being without the needed coverage.

The district court in *Strauss, supra,* affirming the decision of the bankruptcy court, followed the *Holmes* and *Erickson* decisions finding the employer's failure to have workers' compensation insurance a willful and malicious injury. According to the court, debtor's intentional failure to obtain workmans' compensation insurance directly led to the employee's predicament of being without workers' compensation coverage. *Strauss,* 99 B.R. at 400. Also, debtor acted maliciously since it was foreseeable that the construction worker would be injured. The court noted that the failure to provide workers' compensation insurance in debtor's high risk construction industry was particularly egregious.

Those courts holding that debts resulting from a failure to carry workers' compensation is dischargeable conclude that the failure to carry workers' compensation does not "necessarily" lead to injury because another event, the physical injury to the employee, must occur. I find such an analysis to be unpersuasive. It is true that the act of failing to provide insurance does not cause a worker's physical injury. However, it is foreseeable that workers will sustain on-the-job injuries and to the extent that an employer fails to provide insurance as required by law that failure necessarily causes economic injury to any worker who sustains a physical one.

Here, the Debtor argues that his failure to insure was not willful and malicious. The Administrative Law Judge specifically found that the Debtor "willfully neglected" to provide the workers' compensation insurance. According to the Debtor's arguments, the "willful neglect" standard in workers' compensation cases is not the same as the "willful" requirement of 11 U.S.C. Section 523(a)(6). There are very few Georgia cases interpreting the "willful neglect" standard found in O.C.G.A. Section 34–9–126(b). In *McCormack v. Shadburn,* 42 Ga.App. 352, 156 S.E. 277 (1930), the Georgia Court of Appeals reinstated the findings of the Industrial Commission, which had awarded compensation and penalties for the "willful failure on the part of the employer to comply with the provisions of the [workers' compensation] act ..." *Id.* at 352, 156 S.E. 277. The court found this failure to insure to be willful neglect which "ought to be presumed in all such cases, where the employer furnishes no evidence of mitigating circumstances [explaining his failure to insure]. *Id.* at 353, 156 S.E. 277. Outside of the workers' compensation context, the Georgia Court of Appeals has interpreted "willful neglect" to mean

... [A] flagrant act or omission, an intentional violation of a known rule or policy, or a continuous course of reprehensible conduct. Under either of these interpretations 'willfulness' requires a showing of more than mere negligence.

*Terry v. Houston County Board of Education,* 178 Ga.App. 296, 342 S.E.2d 774 (1986). There the court interpreted O.C.G.A. Section 20–2–940 regarding the basis for terminating the contract of a

teacher. As it is not clear that the Georgia interpretation of "willful neglect" is the same standard as "willful" used by the bankruptcy courts under 11 U.S.C. Section 523(a)(6), this court cannot invoke the doctrine of collateral estoppel regarding the Administrative Law Judge's finding of "willful neglect." In accordance with *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir. 1987), the issues must be identical for collateral estoppel to apply.

Although the Administrative Law Judge's use of the term "willful neglect" in his order may not meet the Section 523(a)(6) requirements of willful, the Administrative Law Judge's findings of fact and conclusions of law are relevant in determining the intent, knowledge and understanding of the Debtor. *Id.* at 1064–65. *See In re Ikner*, 883 F.2d 986 (11th Cir. 1989). The Administrative Law Judge concluded that Debtor was more than merely negligent or forgetful when he found that Debtor willfully neglected to insure. Also, in accordance with O.C.G.A. Section 34–9–126(b) any employer who "refuses or willfully neglects" to provide workers' compensation coverage shall be guilty of a misdemeanor. The failure to provide workers' compensation insurance is not only wrongful to the employee, it is a crime.

Under the Bankruptcy Code, where a debtor acts in a way that is wrongful and without just cause and excuse and proceeds with knowledge of this wrongfulness, that debtor acted willfully and with malice. No showing of personal hatred, spite or ill-will is necessary to prove that an injury was malicious. *In re Lindberg*, 49 B.R. 228, 230 (Bankr.D.Mass.1985). Where a debtor's acts amount to a knowing and willful disregard of his statutory duties and a complete disregard of acceptable practices in business, the debtor's acts are willful and malicious. *See In re Posta*, 866 F.2d 364 (10th Cir.1989) (To meet the malice requirement, the Court should look to whether or not the debtor knowingly and willfully disregarded the rights of the creditor).

Also, to meet the willful and malicious requirement of Section 523(a)(6), the debtor must be aware that his acts violated the property rights of another. *Matter of Brinsfield*, 78 B.R. 364, 370 (Bankr. M.D.Ga.1987). Here, Debtor admitted that he knew of the requirement of workers' compensation insurance. Debtor's testimony that he could not afford this insurance is not sufficient to negate the "willful and malicious" requirements of Section 523(a)(6).

This Court finds sufficient evidence for purposes of Section 523(a)(6) to conclude that Debtor, as sole proprietor of his business, intentionally and deliberately failed to carry the required workers' compensation insurance. This failure to insure was wrongful and knowing.

Under the *Holmes* rationale, the injury to Plaintiff was also foreseeable and therefore malicious. As noted above, Debtor had two previous workers' compensation claims brought against him and admittedly understood the statutory requirements for such insurance. Additionally, with the heavy lifting and frequent travel and driving required for the job, Debtor could appreciate the need for such insurance. Debtor admitted in his answer to Plaintiff's complaint, Plaintiff's assertion that it was "foreseeable that an employee may receive an injury on the job and that the failure to procure workers' compensation coverage would violate the employees statutory rights to such benefits."[1]

Debtor, realizing the need and statutory requirements for workers' compensation insurance acted with indifference to the rights of his employees when he failed to acquire the workers' compensation insurance which constitutes legal "malice." This Court declines to follow those cases holding that the employer's failure to carry workers' compensation coverage does not necessarily lead to or cause the employee's injury. Indeed the only way in which it would not lead to such injury is if the employer paid the claim which he failed to do. This Court is mindful of the fact that employees are not in a position to deter-

1. See page 2 of Plaintiff's Complaint to Deter- mine Dischargeability of Debt.

mine whether or not their employer carries workers' compensation insurance but should be entitled to assume that the employer has complied with his statutory duties.

A finding of willful and malicious does not require a finding that Debtor held any personal ill-will toward Plaintiff. I do find, however, that the elements of a willful and malicious injury within the meaning of Section 523(a)(6) are met and therefore conclude that the debt of $13,051.85 is excepted from Debtor's Discharge.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that judgment be entered in favor of Plaintiff, Tommie L. Hester, and against James C. Saturday in the amount of $13,051.85 and that said sum be excepted from any discharge in this case.