**In re Harold Frederich KEMMERER and Elizabeth Anne Kemmerer, Debtors.**

**Timothy MORTON, by next friend Marilyn MORTON, Paul Morton and Marilyn Morton, Plaintiffs,**

v.

**Harold Frederich KEMMERER and Elizabeth Anne Kemmerer, Defendants.**

**Bankruptcy No. 89–3063–RWV–7. Adv. No. 89–305.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

Jan. 8, 1993.

---

**5.** Mr. Kearney estimates that this amount averaged six to seven percent of plan payments in Chapter 12 cases.

David L. Byers, Holwager & Holwager, Beech Grove, IN, for defendants.

Patricia M. Huber, Indianapolis, IN, for plaintiffs.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

RICHARD W. VANDIVIER, Bankruptcy Judge.

This matter comes before the Court on the Motion for Summary Judgment filed on September 28, 1990, by the Debtors, Harold and Elizabeth Kemmerer ("the Movants"). The Court now grants the motion on the following findings of fact and conclusions of law.

#### Findings of Fact

The Plaintiffs, Timothy Morton and his parents, initiated this adversary proceeding on September 25, 1989, by filing a Complaint for Determination that Debt is Non-Dischargeable and for Damages ("the Complaint"). In the Complaint, as amended on October 17, 1989, the Plaintiffs allege that Plaintiff Timothy Morton ("Timothy") injured his hand while operating certain cement mixing equipment in the employ of

defendant Harold Frederich Kemmerer ("Harold"), a sole proprietor, that at the time of the injury, Timothy was a minor, the Harold know or had reason to know that Timothy was a minor, that Timothy's operation of equipment was in violation of Indiana and federal law, see Ind.Code 20–8.1–4–1 et seq. and 29 U.S.C. section 201 et seq., that Timothy was required to operate the equipment without proper supervision, instruction or knowledge, that Harold was obligated to but failed to provide Workers' Compensation Insurance or self-insurance pursuant to Ind.Code 22–3–2–1 et seq., and that the Plaintiffs' resulting claims for damages are nondischargeable under 11 U.S.C. section 523(a)(6).

On or about September 28, 1990, the Movants submitted to the Court and served on the Debtors a statement of material facts as to which the moving party contends there is no genuine issue ("statement of material facts"), Under local bankruptcy rule S.D.Ind. B–1, which incorporates by reference local district court rule S.D.Ind. LR 65.1, the Court assumes that the facts as claimed by the moving party are admitted except to the extent controverted in a "statement of genuine issues". In the Plaintiffs' response to the motion for summary judgment, filed on November 30, 1990, they included a recitation of facts supported by an affidavit by Timothy disputing some of the facts alleged by the Movants. To the extent the Movant's allegations are uncontested, they are adopted by the Court for the purpose of ruling on this motion.

The major area in which there is a dispute of fact is whether Harold instructed Timothy not to use the equipment that injured his hand. The Plaintiffs concede that Harold intended no harm to Timothy, but contend that his actions giving rise to the injury are sufficient to except the resulting debts from discharge. The Plaintiffs assert three theories for nondischargeability under 523(a)(6): (1) violation of child labor laws, (2) violation of laws requiring Workers' Compensation or self-insurance, and (3) lack of training or supervision while Timothy was operating the equipment.

*Conclusions of Law*

This Court has jurisdiction over this matter. 28 U.S.C. section 157(b)(2)(I).

*Willful and Malicious Injury*

■ A Chapter 7 discharge does not discharge a debtor from debts incurred for willful and malicious injury by the debtor to another entity or the property of another entity. 11 U.S.C. section 523(a)(6). This exception to discharge is to be narrowly construed to effectuate the congressional policy of permitting debtors a fresh start through bankruptcy. *See In re Kimzey*, 761 F.2d 421, 424 (7th Cir.1985).

■ "Willful", as used in this section, means that the act is deliberate or intentional. *See Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1985); *In re Guy*, 101 B.R. 961, 981 (Bankr.N.D.Ind.1988). It is generally agreed that "malicious" does not require a showing of ill-will toward or a specific intent to harm the creditor, *see In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir. 1986); *Wheeler v. Laudani*, 783 F.2d at 615; *In re Valentine*, 104 B.R. 67, 70 (Bankr.S.D.Ind.1988); *In re Guy*, 101 B.R. at 981–82, but beyond this, there is some debate about the scope of this requirement.

An act has been defined as malicious if the debtor commits it in knowing violation of the creditor's rights, in conscious disregard of the debtor's duties, or without just cause or excuse. *See In re Posta*, 866 F.2d 364, 367 (10th Cir.1989); *Wheeler v. Laudani*, 783 F.2d at 615. This Court finds these formulations, standing alone, overly broad to the extent that they would include acts with little chance of actually producing harm, such as taking a shortcut across a neighbor's yard without permission. These formulations are not wrong, but merely incomplete without some additional consideration of the likelihood that the act will produce harm.

An often cited definition of a "malicious" act is a wrongful act done without just cause or excuse, *"which necessarily produces harm"*. *See In re Cecchini*, 780 F.2d at 1442–43; 3 Collier on Bankruptcy, para. 523.16[1] (15th Ed.). The require-

ment that the act necessarily produce harm has been interpreted to mean that the act *is certain or almost certain to cause harm* to the creditor. *See In re Littleton,* 942 F.2d 551, 555 (9th Cir.1991); *In re Long,* 774 F.2d 875, 881 (8th Cir.1985). Another case has found the "malicious" requirement to be met if the debtor has actual knowledge, *or it is reasonably foreseeable,* that the act *will result in injury* to the creditor. *See In re Grey,* 902 F.2d 1479, 1481 (10th Cir.1990). While phrased somewhat differently, these definitions express essentially the same concept, i.e. that injury must almost certainly follow the commission of the act.

■ The Court concludes that under 11 U.S.C. section 523(a)(6), an act is "malicious" only if it is a wrongful act done without just cause or excuse, which (1) the debtor commits with the specific intent to harm another or another's property, or (2) which is substantially certain to cause harm to another or another's property.

*The Claims Against Debtor Elizabeth Anne Kemmerer*

The are no allegations sufficient to state any claim for relief against Elizabeth Anne Kemmerer. She is therefore entitled to summary judgment that the claims asserted against her are dischargeable.

*Lack of Training or Supervision*

■ The facts asserted by the Plaintiffs regarding lack of training or supervision would support, at most, a claim based on negligence. Claims of negligence, even gross negligence, are insufficient to support a finding of non-dischargeability under 11 U.S.C. section 523(a)(6). *See In re Guy,* 101 B.R. 961, 981 (Bankr.N.D.Ind.1988). The Movants are therefore entitled to summary judgment with respect to this theory of nondischargeability.

*Unlawful Employment of a Minor and Failure to Provide Workers' Compensation Insurance*

The Plaintiffs contend that Harold's act of illegally employing a minor in a hazardous activity was substantially certain to cause injury to the minor and that his failure to carry Workers' Compensation insurance to cover his employees was substantially certain to cause injury to the victim of a work-related accident. The Court will assume, for the purpose of ruling on this motion, that Harold's employment of a minor and his failure to provide Workers' Compensation insurance were intentional acts committed in knowing violation of relevant state and federal law. As noted above, the Plaintiffs concede that Harold did not intend to harm Timothy by his acts or omissions.

There is support for the Plaintiffs' argument that an employer's failure provide legally mandated Workers' Compensation insurance will support a finding that claims for injuries that would have been covered by the insurance are nondischargeable under section 523(a)(6). *See In re Saturday,* 138 B.R. 132 (Bankr.S.D.Ga.1991); *In re Strauss,* 99 B.R. 396 (N.D.Ill.1989); *In re Erickson,* 89 B.R. 850 (Bankr.D.Idaho 1988); *In re Holmes,* 53 B.R. 268 (Bankr. W.D.Pa.1985).

■ The apparent majority of cases addressing the issue, however, have held such debts to be dischargeable. *See In re Mazander,* 130 B.R. 534 (Bankr.E.D.Mo.1991); *In re Hampel,* 110 B.R. 88 (Bankr.M.D.Ga. 1990); *In re Collins,* 109 B.R. 541 (Bankr. D.Mass.1989); *In re Zalowski,* 107 B.R. 431 (Bankr.D.Mass.1989); *In re Scott,* 13 B.R. 25 (Bankr.C.D.Ill.1981). Cases involving failure of drivers to carry liability insurance are generally in accord. *See e.g. Pachar v. Moore,* 98 B.R. 488 (D.Neb.1988); *In re Druen,* 121 B.R. 509 (Bankr.W.D.Ky. 1990); *In re Fate,* 100 B.R. 141 (Bankr. D.Mass.1989). While the underlying rationale of these cases may differ somewhat, this Court agrees with their conclusion. Even if an employer's failure to provide Workers' Compensation insurance is willful, wrongful, and without just cause or excuse, it is not "malicious" because harm to an employee is not substantially certain to follow. Failure to provide such insurance deprives an employee of one avenue of compensation should an work related injury occur, and the possibility of such an

**810**

injury is foreseeable. However, possibility is not substantial certainty, and substantial certainty of harm is necessary under section 523(a)(6).

■ The same rationale applies to violation of child labor laws, at least under the facts alleged by the Plaintiffs. The fact that Timothy was only 15 years old may have increased the possibility of a work related injury occurring, but did not make such injury a substantial certainty. *C.f. In re Vereen*, 43 B.R. 489 (Bankr.M.D.Fla. 1984) (damages for violation of Farm Labor Contractor Registration Act held dischargeable). (There may be a point at which possibility becomes substantial certainty. If an employer were to hire a five-year old to operate an arc welder, for instance, there may be a triable issue regarding the likelihood that injury would follow. The facts alleged in this case, however, do not present such an issue.)

It could certainly be argued that any debt resulting from failure to abide by Workers' Compensation or child labor laws should be nondischargeable as a matter of public policy. However, Congress has not written such an exception into the Code, *compare* 11 U.S.C. section 523(a)(9) (excepting debts for death or personal injury caused by a debtor's operation of a motor vehicle if the operation was unlawful because the debtor was intoxicated), and this Court can only apply the exceptions that Congress has provided. *See In re Druen*, 121 B.R. at 512–13.

■ This is not to condone violation of laws intended to protect minors and other workers, and employers who violate such laws cannot completely escape the consequences through bankruptcy. Criminal prosecution and regulatory actions are not stayed. *See* 11 U.S.C. section 362(b)(1) and (4); *In re Tauscher*, 7 B.R. 918 (Bankr. E.D.Wis.1981). A resulting fine, penalty, forfeiture, or restitution order will usually be excepted from discharge. *See* 11 U.S.C. section 523(a)(7); *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986); *In re Tauscher*, 7 B.R. at 920. However, the facts of this case do not

bring the debts at issue within the exceptions of either 523(a)(6) or 523(a)(7).

*Conclusion*

The Movants are entitled to summary judgment if there is no genuine issue of material fact and the Movants are entitled to judgment as a matter of law. Bankruptcy Rule 7056.

The Plaintiffs have failed to state a claim against Elizabeth Kemmerer. With respect to Harold, the Court holds that there is no genuine issue of material fact and that Harold is entitled to judgment as a matter of law that the Plaintiffs' claims against him are not excepted from discharge under 11 U.S.C. section 523(a)(6).

The Court therefore GRANTS the Movants' Motion for Summary Judgment. Judgment will be entered separately.

SO ORDERED.