In re James A. HALL, d/b/a Star Electric, d/b/a Star Enterprise, Debtor.

**Myron J. LaBONTE, Appellant,**

v.

**James A. HALL, d/b/a Star Electric, d/b/a Star Enterprise, Appellee.**

Bankruptcy No. SM 93–90320.
Adv. No. 94–9037.
District Court No. 2:95–CV–243.

United States District Court, W.D. Michigan, Northern Division.

Feb. 15, 1996.

Nino E. Green, Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C., Escanaba, MI, for appellant.

Donald W. Bays, Osstyn, Bays, Ferns & Quinnell, P.C., Marquette, MI, for appellee.

## OPINION

QUIST, District Judge.

This is plaintiff Myron LaBonte's appeal from the bankruptcy court. The bankruptcy court granted summary judgment in favor of appellee James Hall. The issue before the Court is whether a bankrupt employer who failed to purchase and maintain workers' disability compensation insurance may be found to have caused "willful and malicious injury" to his subsequently injured employee pursuant to 11 U.S.C. § 523(a)(6).

### Facts

Appellant is a creditor of the appellee/debtor by virtue of an injury suffered by appellant on July 3, 1991. The injury left appellant with a disabling back condition. Prior to appellant's injury, appellee failed to provide his employees with workers' disability compensation insurance, thereby leaving appellant uninsured on the date of the injury. Appellant filed an application for a hearing to determine his right to receive benefits under the Michigan Workers' Disability Compensa-

tion Act of 1969 (M.C.L. § 418.101 *et seq.*). Appellee filed for bankruptcy on October 27, 1993. Prior to the disability hearing, the litigants jointly requested the bankruptcy court to lift the automatic stay in order to authorize the continuation of appellant's workers' disability proceedings. After the disability hearing, Magistrate Michael Wagner found that appellant was entitled to receive workers' disability compensation for the dates July 4, 1991, through April 27, 1994, plus reasonable medical expenses. This decision was not appealed.

The bankruptcy court subsequently granted summary judgment in favor of appellee. The bankruptcy court held that appellee's failure to acquire workers' disability insurance did not cause "willful and malicious injury" to appellant, and was therefore not an exception to a debtor's discharge from debt as defined by 11 U.S.C. § 523(a)(6). Thus, appellee was thereby discharged from paying his debt to appellant, the disability award.

### Standard of Review

On an appeal from the bankruptcy court, a federal district court must apply a clearly erroneous standard to findings of fact and a de novo standard to determinations of law. *In re Charfoos,* 979 F.2d 390, 392 (6th Cir.1992). The party seeking review of the bankruptcy court's determination bears the burden of proof. *In re Van Rhee,* 80 B.R. 844, 846 (W.D.Mich.1987).

### Discussion

Title 11 U.S.C. § 523(a)(6) provides in pertinent part that an exception from a debtor's discharge from debt will be made "for willful and malicious injury by the debtor to another entity." In adopting the liberal or "looser" interpretation of the statute, the Sixth Circuit has held that "a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." *Vulcan Coals, Inc. v. Howard,* 946 F.2d 1226, 1228 (6th Cir.1991) (quoting *Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir. 1987), *cert. denied,* 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987)).

As the bankruptcy judge in the instant case recognized, bankruptcy courts are split on whether a debt arising from the failure of an employer to maintain worker's disability compensation insurance is nondischargeable as a willful and malicious injury. As compiled in *In re Gaylord*, 1995 WL 376918, at *4–5 (Bank.N.D.Ind. June 20, 1995), a majority of the courts that have considered the issue have concluded that the debtor's obligation is dischargeable.

In the case at bar, it is an uncontested fact that appellee failed to purchase workman's disability insurance for appellant. This failure is a wrongful act because it violates the Michigan Workers' Disability Compensation Act of 1969, which commands employers to acquire workers' disability compensation insurance on behalf of their employees. Failure to acquire the insurance is a misdemeanor under M.C.L. § 418.641. The factual record established below does not set forth whether appellee consciously failed to acquire the requisite insurance or whether appellee's failure was the result of a mere administrative oversight. For the purposes of this analysis, this Court will assume that appellee knowingly chose not to purchase worker's disability insurance thereby making appellee's failure "a wrongful act done intentionally." *Vulcan Coals*, 946 F.2d at 1228.

The bankruptcy judge, however, held that under the Sixth Circuit's definition of "willful," the appellee's intentionally wrongful act must *necessarily* lead to the appellant's injury for the debt to be nondischargeable. In reaching her decision, the bankruptcy judge was persuaded by the reasoning set forth in the majority of cases cited in *Gaylord*. The bankruptcy judge held that "[a] mere possibility of economic injury in the event of a work-related injury does not satisfy the test for 'willful.'" Opinion, Tr. at 10–11. The bankruptcy judge reasoned that the failure to carry the worker's compensation insurance was not necessarily certain to cause economic injury; economic injury was "merely" a possibility in the event of a work-related physical injury. In other words, the bankruptcy judge held that 11 U.S.C. § 523(a)(6) requires a willfully-caused injury, not just willful conduct.

In contrast with the decision reached by the bankruptcy judge, "[t]he minority position often focuses upon the foreseeability that an employee will be injured on the job...." *Gaylord*, 1995 WL 376918, at *5. The minority position also concentrates upon the employee's statutory right to insurance protection and not the injury to the employee's person. For example, in *Strauss v. Zielinski*, 99 B.R. 396, 400 (N.D.Ill.1989), the court found:

that a debtor may act "maliciously" if it was foreseeable that an employee would be injured and that failure to obtain workman's compensation would injure the employee's statutory right to insurance benefits.

In view of the statutory language of 11 U.S.C. § 523(a)(6), as interpreted by *Vulcan Coals*, this Court feels constrained to agree with the reasoning of the majority of courts that have considered this issue. The statute requires "a willful and malicious injury by the debtor." That is, the willful and malicious act must necessarily cause the injury. There is no claim here that the debtor willfully caused the personal injury, and the debtor's willful failure to buy worker's compensation insurance did not "necessarily" cause injury to appellant.

The bankruptcy judge in *Gaylord* points out the slippery slope of following the minority position: engaging in foreseeability analysis, as in *Strauss*, would render nondischargeable the debts incurred by mere negligent conduct, even conduct which rarely leads to harm. *Gaylord* advances the following example:

Does someone who is late for an appointment and, in their resulting hurry, consciously exceeds the speed limit become a willful and malicious wrongdoer if they are involved in an accident while en route? The act of driving too fast was certainly intentional, it would also be wrongful, and being late is not likely to constitute just cause or excuse for speeding....

\*     \*     \*     \*     \*     \*

[A]n intentional act was the cause of the resulting injury, without the need for any intervening event; yet few, if any would contend that the resulting liability constituted a debt for willful and malicious injury, rendering it non-dischargeable. Nevertheless, the interpretation given to § 523(a)(6) by the minority would do precisely that.

*Gaylord,* 1995 WL 376918, at \*5. The type of analysis illustrated in the example is not consistent with the language of 11 U.S.C. § 523(a)(6) or *Vulcan Coals.*

For these reasons, the decision of the United States Bankruptcy Court for the Western District of Michigan will be affirmed.